[Crim. No. 1225. Fifth Dist. Sept. 20, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
REFUGIO LUCATERO CHAVEZ, Defendant and Appellant.

## COUNSEL

Robert L. Sassone, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Nelson P. Kempsky and Carol Hunter, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Following denial in the trial court of a motion to suppress evidence under Penal Code section 1538.5, defendant entered a plea of guilty to violation of Health and Safety Code section 11500.5, possession

of heroin for sale. On this appeal, he challenges the ruling of the trial court on his section 1538.5 motion. Notwithstanding the entry of the guilty plea, a review of the search and seizure contention may be had. (Pen. Code, § 1538.5, subd. (m); *People* v. *West,* 3 Cal.3d 595, 601 [91 Cal.Rptr. 385, 477 P.2d 409].)

■ Defendant contends the search of his residence was invalid because of the circumstances surrounding the execution of the affidavit which was the basis for the issuance of the search warrant. No attack is made upon the substance of the affidavit or its form.

The circumstances surrounding the issuance of the warrant are as follows: Narcotics Agent Thomas L. Carl prepared an affidavit setting forth his reasons for believing that defendant was in possession of heroin and narcotic paraphernalia at his residence in Delano, California. Agent Carl appeared at the municipal court clerk's office with the affidavit on May 28, 1970. The clerk asked Agent Carl: "Do you swear that the contents of this affidavit are true and correct to the best of your knowledge so help you God?" He answered: "Yes." The clerk then had him sign the affidavit, which she took to Judge Nairn. Out of the presence of affiant, who waited in the clerk's outer office, Judge Nairn read and approved the affidavit and issued a search warrant.

Penal Code section 1526, subdivision (a), provides that "The magistrate may, before issuing the warrant, examine on oath the person seeking the warrant and any witnesses he may produce, and must take his affidavit or their affidavits in writing, and cause same to be subscribed by the party or parties making same."

Defendant emphasizes the language "must take his affidavit," giving it a literal interpretation, and insists that the magistrate must personally "take" the affidavit. Here, the clerk of the court administered the oath and the agent, as affiant, subscribed the affidavit in her presence. She then took the affidavit to the magistrate.

The United States Constitution does not require the magistrate who issues a search warrant to personally take the affidavit of the officer whose affidavit is the basis for the search warrant. The Fourth Amendment to the United States Constitution provides simply that ". . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Article I, section 19, of the California Constitution contains substantially identical language. Both federal and state constitutional requirements for the issuance of a search warrant were complied with in this case.

Since defendant does not challenge the sufficiency or substantiality of the allegations of the affidavit nor the "method of execution of the warrant," and we find no federal or state constitutional requirement that the affidavit be subscribed in the presence of the magistrate, the question narrows to whether the alleged statutory irregularity constituted "any other violation of federal or state constitutional standards" (Pen. Code, § 1538.5, subd. (a)(2)(v)) or, constitutionally speaking, amounted to a denial of due process.

As we have already noted, defendant rests his claim of reversible error upon the failure of the magistrate to literally comply with section 1526, subdivision (a) of the Penal Code. Looking at the entire section to discern the legislative intent of the statute, we find that subdivision (b) provides: "In lieu of the written affidavit required in subdivision (a), the magistrate may take an oral statement under oath which shall be recorded and transcribed. The transcribed statement shall be deemed to be an affidavit for the purposes of this chapter. In such cases, the recording of the sworn oral statement and the transcribed statement shall be certified by the magistrate receiving it and shall be filed with the clerk of the court."

When the section is viewed in its entirety it is apparent that the essence of the statute is not to require a face to face confrontation between the magistrate and the affiant, but that the magistrate shall have an opportunity to examine the affiant should any questions arise in his mind concerning any of the allegations in the affidavit or of the sufficiency of the affidavit as a whole. The case of *People* v. *Aguirre* (1972) 26 Cal.App.3d Supp. 7 [103 Cal.Rptr. 153], pointed out that the magistrate may take the affidavit by telephone as subdivision (b) permits the magistrate to receive the substance of the affidavit orally, although it must be recorded and transcribed. The underlying purpose of the statute was met here, as the affiant waited in the clerk's outer office while the judge read the affidavit. Had Judge Nairn been dissatisfied with the affidavit or wished to question the affiant as to any of the statements therein, Agent Carl was immediately available.

We find no denial of due process under the Constitution of the United States or of the California Constitution. The Supreme Court of the United States upheld a Florida statute which authorized a municipal court clerk not only to take an affidavit for an arrest warrant but to *issue* the *warrant*. (*Shadwick* v. *City of Tampa* (1972) 407 U.S. 345 [32 L.Ed.2d 783, 92 S.Ct. 2119].) In *Shadwick* the court discussed the role of a magistrate in issuing a search warrant, saying: "He must be neutral and detached, and he must be capable of determining whether probable cause exists for the requested arrest or search. . . . If . . . detachment and

capacity do conjoin, the magistrate has satisfied the Fourth Amendment's purpose." (P. 350 [32 L.Ed.2d pp. 788-789, 92 S.Ct. p. 2123].)

The emphasis is upon substance, not form, in the issuance of a warrant under Penal Code section 1526. It is apparent from the record that Judge Nairn fulfilled the substantive requirements of the statute by reading and approving the affidavit before issuing the search warrant, while the affiant stood ready to be questioned by the judge. There was no violation of defendant's constitutional rights.

The fundamental principle underlying the role of a court in reviewing an attack upon the sufficiency of a warrant was expressed by the United States Supreme Court, as follows: ". . . the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (*United States* v. *Ventresca,* 380 U.S. 102, 109 [13 L.Ed.2d 684, 689, 85 S.Ct. 741, 746].) (See also *People* v. *Superior Court (Johnson)* 6 Cal.3d 704, 714 [100 Cal.Rptr. 319, 493 P.2d 1183].)

A literal compliance with section 1526, subdivision (a), is preferable, of course, as it removes all doubt. Nevertheless, where the affidavit admittedly is sufficient and there is no other attack upon the issuance of the warrant or the service thereof, substantial compliance rather than literal compliance does not void the warrant. This is particularly so in view of defendant's failure to demonstrate prejudicial error resulting from the alleged procedural irregularity. We have examined "the entire cause" pursuant to article VI, section 13, of the California Constitution, and we find that the error, if any, has not resulted in a miscarriage of justice.

The judgment is affirmed.

Gargano, J., concurred.

Brown (G. A.), J., deeming himself disqualified, did not participate.