[Crim. No. 28410. Second Dist., Div. Two. Oct. 1, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
EARL LEE STEVENSON,
Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, District Attorney, Donald S. Kaplan and Daniel L. Bershin, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Alan Oberstein and Maitland Montgomery, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**BEACH, J.**—Earl Lee Stevenson was charged with violation of section 11351 of the Health and Safety Code, possession for purpose of sale of heroin. His motion to traverse the search warrant and suppress the evidence obtained thereby was granted, and the information was dismissed pursuant to section 1385 of the Penal Code. The People appeal from the order suppressing evidence and dismissing the case.

### FACTS

The search warrant in the instant case was obtained and executed on Wednesday, September 10, 1975. The return was signed by the magistrate on September 22, 1975. The warrant was attacked in the trial court on the grounds that there was no showing justifying nighttime service, that the warrant was defective because not signed by a representative of the district attorney's office, that the warrant was not returned within 10 days pursuant to section 1534 of the Penal Code, and that there was not sufficient probable cause to justify issuance of the search warrant. The trial court apparently granted the motion solely on the basis that there was failure to comply with the 10-day period specified in Penal Code section 1534 for return of the search warrant.

### CONTENTIONS ON APPEAL:

The People contend:

1. The provisions of Penal Code section 1534 were satisfied.

2. The provisions of Penal Code section 1534 as it relates to the preparation of the return to search warrants are ministerial acts only and do not affect the validity of such warrant.

Respondent contends that where a search warrant was executed on the same day as issued and the filing of the return was inexplicably and inexcusably delayed an additional 12 days, such delay exceeds the statutory limits and the trial court properly suppressed the evidence.

### DISCUSSION:

 *The trial court erred in suppressing the evidence and dismissing the case.*

The People's principal contention is that the provisions of Penal Code section 1534 were satisfied in that since the 10th day after issuance of the warrant was September 20, 1975, a Saturday, the warrant was properly returned the following Monday, September 22. Respondent does not actually meet this issue, but instead argues that a return filed within the 10-day period is not necessarily timely under section 1534 and that section 1537 requires the "forthwith" return of the search warrant.[1]

Section 1534 of the Penal Code provides in relevant part: "A search warrant shall be executed and returned within 10 days after date of issuance. A warrant executed within the 10-day period shall be deemed to have been timely executed and no further showing of timeliness need be made. After the expiration of 10 days, the warrant, unless executed, is void. . . .

"A search warrant may be made returnable before the issuing magistrate or his court."

We must first decide whether the return of the search warrant, although 12 calendar days after the issuance of the warrant, falls within the "10-day" requirement of section 1534. Section 6706 of the Government Code provides: "Whenever any act of a secular nature . . . is appointed by law . . . to be performed upon a particular day which falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed." Therefore, if Saturday, September 20, and Sunday, September 21, are holidays within the meaning of section 6706 for the purpose of return of the search warrant, then the return was made within the 10-day period mandated by section 1534 of the Penal Code.

Regarding the transaction of business on Saturday, section 72305 of the Government Code provides: "Municipal courts shall not be open for the transaction of business on Saturday, which is a holiday as respects the transaction of business in municipal courts and for the purposes of Section 12a of the Code of Civil Procedure; except that the provisions of

---

[1]Since this particular issue was not raised below as a reason to suppress the evidence, we will not discuss it on appeal. (*People* v. *Moore*, 13 Cal.App.3d 424, 434 [91 Cal.Rptr. 538].) The police officer may have had a reason to extend the time of return past the "forthwith" requirement of section 1537 that would have been explained had the defendant raised that rationale for the invalidity of the search warrant return.

Sections 72300[2] and 72301 of this code shall remain in full force and effect; and except, further, that the deliberations of a jury may continue on a Saturday, and the court shall remain open for any and all purposes in connection therewith, and the making of any and all necessary orders, entries, judgments and directions pertaining to any such jury trial; and *a judge of the municipal court on Saturday may perform any judicial act which on any other day he might perform in his chamber.*" (Italics added.)

The provision that "a judge of the municipal court on Saturday may perform any judicial act which on any other day he might perform in his chamber," which acts may include accepting the return of search warrants, is permissive, not mandatory. That the judge may perform such acts does not mean that Saturday is not a holiday under section 72305 of the Government Code.

Every Sunday is automatically a state holiday under section 6700 of the Government Code. Therefore, despite the stipulation of the People that there was not a court holiday that could have excused a return within 10 days,[3] there were indeed 2 holidays, what would have been the 10th and 11th days following issuance and execution of the warrant, that extended the time of return. The search warrant therefore was properly within the 10-day requirement of section 1534 of the Penal Code.

As stated above, the issue of whether the return should have been made more speedily than 10 days from date of issuance was not raised below. We therefore do not reach it on appeal.

Because of the above resolution of the issue regarding compliance with section 1534 of the Penal Code, we do not find it necessary to discuss whether noncompliance would or would not have mandated suppression of the evidence seized pursuant to that warrant.

---

[2]Section 72300 of the Government Code provides: "In a district or city and county in which the municipal court is composed of three or more judges, one department of the court may remain open and in session for the transaction of any business which may come before the department in the exercise of the criminal jurisdiction of the court or a judge of the court, at such hours of the day or night, or both, as the judges of the court prescribe." This section applies to hours rather than days or holidays and is therefore not applicable to the present question.

[3]Neither party seems to rely on this stipulation in their briefs.

The order of the trial court suppressing the evidence and dismissing the case is reversed.

Roth, P. J., and Fleming, J., concurred.