[Crim. No. 19066. First Dist., Div. Four. Sept. 6, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN F. SCHROEDER, Defendant and Appellant.

**COUNSEL**

Timothy D. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and John W. Runde, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—John F. Schroeder appeals from a probation order which was rendered after a jury found him guilty of four counts of grand theft (Pen. Code, § 487, subd. 1) and one count of conspiracy (Pen. Code, § 182).

Appellant operated as a wholesaler of used automobiles under the title, "Courtesy Auto Sales." Assisted by Edward Zinski, Jr., and other accomplices some of whom testified at trial, appellant operated at Courtesy Auto Sales and at other premises an extensive business of fraudulently reselling used cars, the odometers of which had been rolled back. There was abundant evidence that this criminal operation was guided and directed by appellant. The four counts of grand theft of which the jury found appellant guilty were based upon specific fraudulent sales for which, under the evidence, appellant was accountable.

Appellant contends that it was a deprivation of due process to deny him a postindictment preliminary hearing. Appellant recognizes that in *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916], the California Supreme Court declared that the new California rule requiring postindictment preliminary hearings in felony cases is applicable only "to those indicted defendants who have not entered a plea at the time [*Hawkins*] becomes final." (22 Cal.3d at p. 594.) ■ Appellant pleaded not guilty several months before the *Hawkins* opinion became final; therefore, the new rule is inapplicable to this case.

Appellant argues that *Hawkins* was based on an equal protection analysis, and contends that he should receive relief on a theory that due

process has been violated. The contention is entirely unsupported by authority; this court could not hold the grand jury procedure to be a deprivation of due process where such proceedings are expressly recognized and provided for in the Fifth Amendment to the Constitution of the United States and in article I, section 14, of the Constitution of California.

■ Appellant contends that the court erred when it received in evidence bank records which had been seized pursuant to a search warrant. The claim is that execution and return of the warrant was not timely.

Penal Code section 1534 requires that a warrant be executed and returned within 10 days after issuance.[1] On November 23, 1977, a magistrate issued search warrants authorizing seizure of certain records from the United California Bank and the Hibernia Bank. The warrants were returnable by December 5, 1977 (see *People* v. *Stevenson* (1976) 62 Cal.App.3d 915, 919 [133 Cal.Rptr. 406]). Both warrants were served promptly; both banks responded that the documents called for were so voluminous that full compliance could not be effected immediately. A partial return was presented to the magistrate as to each warrant within the statutory time and supplemental returns were filed a few days later when the responding banks had collected the documents called for. Appellant's theory is that the additional documents, which were surrendered more than 10 days after the issuance of the warrant, should have been excluded from evidence. This contention cannot be sustained.

Section 1534 provides that a warrant shall be executed and returned within 10 days after issuance; section 1537 provides that the police must "forthwith" return the warrant to the magistrate (see also Pen. Code, § 1529). "After the expiration of 10 days, the warrant, unless executed, is void." (Pen. Code, § 1534, subd. (a).) The statute does not specify what is the consequence if a warrant is executed but not returned within 10 days, or if materials called for in the warrant are produced more than 10 days after the warrant was issued. The purpose of the 10-day requirement is to insure that the showing of probable cause which supported issuance of a warrant will still exist at the time the warrant is executed. (See *Sgro* v. *United States* (1932) 287 U.S. 206, 208-212 [77 L.Ed. 260, 261-263, 53 S.Ct.

---

[1]Penal Code section 1534, subdivision (a), provides in part: "A search warrant shall be executed and returned within 10 days after date of issuance. A warrant executed within the 10-day period shall be deemed to have been timely executed and no further showing of timeliness need be made. After the expiration of 10 days, the warrant, unless executed, is void."

138, 85 A.L.R. 108]; *People* v. *Hernandez* (1974) 43 Cal.App.3d 581, 587-591 [118 Cal.Rptr. 53]; *Cave* v. *Superior Court* (1968) 267 Cal.App.2d 517, 519-524 [73 Cal.Rptr. 167]. See also U.S. Const., Amend. IV; Cal. Const., art. I, § 13.) The purpose behind section 1534 is not contravened in the facts of this case where it is not contended that there was an untimely execution or return of either warrant. When the responding banks immediately indicated that it would take time for them to assemble the voluminous material called for in the warrants, the purpose of the statutory requirement was met. The evidence was admissible. (Cf. *People* v. *Stevenson, supra,* 62 Cal.App.3d 915.)

Appellant contends, citing *People* v. *Lyons* (1958) 50 Cal.2d 245 [324 P.2d 556], and *People* v. *Samarjian* (1966) 240 Cal.App.2d 13 [49 Cal.Rptr. 180], that the evidence was insufficient both as to the four counts of grand theft and the one count of conspiracy of which appellant was found guilty. On the contrary, there was ample evidence supporting all five counts. Three accomplices testified concerning the details of the fraudulent scheme and appellant's involvement in it. The accomplice testimony was strongly corroborated by bank records and other evidence.

In the conspiracy count of the indictment, 11 overt acts were alleged. With the verdict forms dealing with the conspiracy count, the court furnished to the jurors a separate schedule with a blank opposite each overt act to facilitate recordation of the findings of the jury with respect to the overt acts. When the jurors returned their verdicts to the court, the court pointed out that "there is no X mark or no indication as to an overt act pursuant to the alleged conspiracy as to Count 6." Appellant contends that the court later acted improperly when it polled the jurors, determined that there was a unanimous finding upholding overt act number one, and inserted an indication to that effect on the verdict form. The contention ignores the fact that, when the incompleteness of the verdict was discovered, the court correctly stated its intention of directing the jurors "to go back to the jury room for further deliberations with respect to the alleged overt acts." Defense counsel then asked that the court instead cause the jurors to be polled on the verdict. Polling of the jury on the four grand theft counts confirmed the existence of unanimity on those counts. The court then polled the jurors on the conspiracy count and separately polled them to determine whether they agreed that overt act number one was true.

■ The procedure adopted by the trial court, at the suggestion of defense counsel, was inappropriate; an omission from a verdict should be

corrected by directing the jurors to reconsider it (Pen. Code, § 1161). But the irregularity does not call for reversal of the judgment. The procedure followed by the court was suggested by defense counsel. When it was pointed out by defense counsel that any deliberations should not take place in open court, the court, in polling the jurors on overt act number one, informed the jurors that "if there is a dispute or any discussion, you need not answer. You can say 'undecided' or whatever, or no or yes, or whatever." All 12 jurors then responded that they found overt act number one to be true. Appellant cannot be heard to complain concerning an irregularity of procedure which he himself invited. (Cf. *People* v. *Darmiento* (1966) 243 Cal.App.2d 358 [52 Cal.Rptr. 428], cert. den. 386 U.S. 1010 [18 L.Ed.2d 438, 87 S.Ct. 1353].) Moreover, there is not the slightest indication of prejudice to appellant. (See Cal. Const., art. VI, § 13.)

Affirmed.

Rattigan, Acting P. J., and Poché, J., concurred.

On September 24, 1979, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied November 1, 1979.