[Crim. No. 34126. Second Dist., Div. Two. Sept. 28, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
HOWARD ERNEST COUCH, Defendant and Appellant.

**COUNSEL**

Jerry Malkan for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Penina S. Van Gelder, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BEACH, J.**—Appellant, who was charged with possession of marijuana for the purpose of sale, moved to quash the search warrant and to

suppress the evidence, contending that untimely return of the warrant invalidated the warrant. After denial of the motion by the trial court, appellant entered a plea of nolo contendere to the crime charged.

## FACTS:

The search warrant was issued on May 1, 1978, executed on May 9, 1978, and returned on May 12, 1978.

## ISSUE ON APPEAL:

■ The only issue on appeal is whether an untimely return of a search warrant invalidates the warrant, thus necessitating suppression of the evidence seized pursuant thereto.

## DISCUSSION:

Appellate counsel have not cited any California cases dealing with this precise issue. Our own research, too, has not disclosed California authority on this exact point. In *People* v. *Stevenson,* 62 Cal.App.3d 915, 918-919 [133 Cal.Rptr. 406], this court had to decide whether a search warrant executed within the 10-day period required by Penal Code section 1534[1] but returned on the 12th day after its issuance invalidated the warrant. Since the 10th and 11th days fell respectively on Saturday and Sunday, both legal holidays, we held that the return of the warrant on Monday, the 12th day following the warrant's issuance, was within the requisite 10-day period of section 1534. In *Stevenson* we declined to consider whether the return complied with the "forthwith" requirement of section 1537 since the issue had not been raised in the trial court.

Penal Code section 1534 expressly provides that a search warrant "shall be executed and returned . . . within 10 days after date of issuance." The section further provides: "A warrant executed within the 10-day period shall be deemed to have been timely executed and no further showing of timeliness need be made. After the expiration of 10 days, the warrant, unless executed, is void. . . ." Penal Code section 1537 provides that the officer must "forthwith" return the warrant. Here, the search warrant was issued on May 1, 1978, executed on Tuesday, May 9, 1978, and returned on Friday, May 12, 1978. Appellant argues that failure to make the return within the 10-day requirement of section 1534 and the further failure by the police to return the warrant "forthwith" following its execution, as

---

[1]Unless otherwise indicated, all section references herein are to the Penal Code.

■■■■■■■■■■

provided for in section 1537, entitles him to suppression of the evidence seized pursuant to the warrant.

In *Meyer* v. *State* (Miss. 1975) 309 So.2d 161, 166, involving similar 10-day and "forthwith" provisions as in this case, the warrant was issued on December 12, 1972, served on December 13, and returned on December 15. In *Meyer*, both the execution and the return of the warrant clearly fell within the statutory 10-day period. The defendant in *Meyer* argued, however, that since the warrant was returnable immediately, the two-day delay in the return violated the statutory requirement that a return of the warrant be made "promptly." The *Meyer* court held that the two-day delay in the return of the warrant "was not a breach of the statutory requirements" and "certainly was not an unreasonable delay." (*Id.,* at p. 166.) ■ Turning to the present case, we do not believe that the return of the warrant on the third day following its execution constituted an unreasonable delay. ■ We further hold that return of the warrant one day beyond the 10-day maximum set forth in section 1534, though it created a defect, did not prejudice appellant and hence did not require suppression of the evidence. ■ The procedural requirements of sections 1534 and 1537, commanding the officer to perform certain duties, are essentially ministerial in nature. (Cf. *People* v. *Phillips,* 163 Cal.App.2d 541, 548 [329 P.2d 621], holding that officer's failure to give receipt for property seized under search warrant was merely administrative defect and did not void warrant (disapproved on other grounds in *People* v. *Butler,* 64 Cal.2d 842, 844-845 [52 Cal.Rptr. 4, 415 P.2d 819]).) Though sections 1534 and 1537 outline the procedures to be followed by an officer with respect to search warrants, they do not specifically provide for remedies, if any, in the event of noncompliance. We therefore turn to Penal Code section 4 for guidance. Section 4 commands us to construe its provisions "according to the fair import of their terms, with a view to effect its objects and to promote justice." (*Keeler* v. *Superior Court,* 2 Cal.3d 619, 632 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]; *People* v. *Upchurch,* 76 Cal.App.3d 721 [143 Cal.Rptr. 113].) Applying those principles to the issue before us, we do not believe that the delay in the return of the search warrant should give rise to the remedy of suppression, as appellant argues. As was said by the court in *State* v. *Cortman* (1968) 251 Ore. 566 [446 P.2d 681, 683]: "While the requirement of a prompt return is no doubt a valuable safeguard of the property rights of individuals, these rights can be protected without resort to the automatic invocation of the exclusionary rule. The privacy of the individual, which is protected by the Fourth Amendment, has already been invaded by the time the inventory-and-return statute becomes

relevant. The exclusion of trustworthy evidence that has lawfully come into the possession of the government would penalize society without serving a constitutional purpose." In *Cady* v. *Dombrowski* (1973) 413 U.S. 433 [37 L.Ed.2d 706, 93 S.Ct. 2523], the high court, faced with the issue of an allegedly defective search warrant return because of failure by the police to recite in the return of the warrant that a sock and a floor mat had been seized pursuant to the warrant, had this to say: "The seizures of the sock and the floor mat occurred while a valid warrant was outstanding, and thus could not be considered unconstitutional . . . . *As these items were constitutionally seized, we do not deem it constitutionally significant that they were not listed in the return of the warrant.* The ramification of that 'defect,' if such it was, is purely a question of state law." (*Id.,* at p. 449 [37 L.Ed.2d at p. 719]; italics added.)

It is thus clear that here we are not confronted by any question of constitutional magnitude which might place this issue within the purview of the exclusionary rule. ■ Accordingly, we conclude that an untimely return of an otherwise validly executed search warrant, as is involved here, should result in the suppression of evidence only if the accused demonstrates he was in any way prejudiced by the delay in returning the warrant. (See *Meyer* v. *State, supra,* 309 So.2d 161, 166; cf. *People* v. *Sanchez,* 24 Cal.App.3d 664, 685-686 [101 Cal.Rptr. 193] (failure timely to make officer's affidavit a judicial record after execution of search warrant, as required by § 1534, subd. (a), does not invalidate otherwise validly issued warrant absent a willful suppression of evidence or resulting prejudice) (overruled on other grounds in *People* v. *Martin,* 9 Cal.3d 687, 695, fn. 8 [108 Cal.Rptr. 809, 511 P.2d 1161]).) Appellant has not shown he was prejudiced by the delay.

The judgment (order granting probation) is affirmed.

Roth, P. J., and Compton, J., concurred.