[Crim. No. 34700. Second Dist., Div. One. Nov. 28, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
ROGER MATHEW KIRK, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, and Donald J. Kaplan, Deputy District Attorney, for Plaintiff and Appellant.

Howard S. Cole for Defendant and Respondent.

OPINION

**LILLIE, Acting P. J.**—Defendant was charged with possession for sale of PCP (Phencyclidine) and manufacturing PCP. The People appeal from order suppressing evidence and dismissing the case.

On September 1, 1977, a search warrant was issued for certain described premises calling for various items used in the illegal manufacture of PCP; the search warrant was executed on September 1, 1977. A large quantity of property was seized, and because of the

chemicals, their volume, the paraphernalia and arrangement of these items, the officer formed the opinion that the premises was used as a clandestine laboratory for making PCP. The search warrant was returned to the municipal court on October 25, 1977, 55 days after issuance of the warrant.

Defendant made a motion to suppress evidence under sections 1534 and 1538.5, Penal Code, on the ground that the failure to return the warrant within the 10-day period specified in section 1534, subdivision (a), Penal Code, rendered the warrant void compelling a suppression of evidence seized thereunder. The trial court declared the warrant void on the ground the requirements of section 1534, subdivision (a) are mandatory, and granted motion suppressing the evidence.

■ The sole issue before us is whether evidence obtained through use of a validly issued and executed search warrant must be suppressed if return of the warrant is filed more than 10 days after issuance. We conclude that the delay in the return of the search warrant, although a defect, did not invalidate the warrant, and in the circumstances here did not justify suppression of the evidence seized thereunder.

Section 1534, subdivision (a), Penal Code in pertinent part provides: "A search warrant shall be executed and returned within 10 days after date of issuance. A warrant executed within the 10-day period shall be deemed to have been timely executed and no further showing of timeliness need be made. After the expiration of 10 days, the warrant, unless executed is void."

Section 1529, Penal Code provides the form of warrant. "The warrant shall be in substantially the following form:...; and if you find the same or any part thereof [described property], to bring it forthwith before me...."[1]

■ "The purpose of the 10-day requirement is to insure that the showing of probable cause which supported issuance of a warrant will still exist at the time the warrant is executed. [Citations.]" (*People* v. *Schroeder*, 96 Cal.App.3d 730, 733-734 [158 Cal.Rptr. 220].) This is reflected in the provision of the statute that the warrant is void if not executed within 10 days of issuance. However, in neither section 1534

---

[1]The word "must," formally appearing in sections 1534 and 1529 was changed to "shall."

nor any other statute, has the Legislature treated the failure to return the warrant within the 10-day period in the same manner. Had the Legislature intended like consequences for a warrant not returned within 10 days it would have so provided. (See *People v. Western Air Lines, Inc.,* 42 Cal.2d 621, 638 [268 P.2d 723].) Nothing express or implied in the statute operates to affect the validity of a validly issued and excuted search warrant the return of which has not been filed within the statutory period.

The return and filing of a search warrant are sometimes said to be ministerial acts. (*People v. Couch,* 97 Cal.App.3d 377, 380 [158 Cal.Rptr. 647].) The court in *Couch* held that a return beyond the 10-day maximum of section 1534, subdivision (a), although creating a defect, did not require suppression of the evidence taken under the search warrant in the circumstances there. "The procedural requirements of sections 1534 and 1537, commanding the officer to perform certain duties, are essentially ministerial in nature." (P. 380.) The federal rule appears to be the same (*United States v. Averell* (E.D.N.Y. 1969) 296 F.Supp. 1004, 1014 [delay of four months in filing return]); said the court in *Averell:* "It is well established that the return and filing of the warrant are ministerial acts. [Citations.]" (P. 1014.) An analogous situation is found in *People v. Phillips,* 163 Cal.App.2d 541 [329 P.2d 621] (disapproved on other grounds in *People v. Butler,* 64 Cal.2d 842, 844-845 [52 Cal.Rptr. 4, 415 P.2d 819]). An inventory of property taken under the search warrant but not taken in defendant's presence, was not given to her as required under section 1535. Rejecting the claim that evidence obtained under the warrant is inadmissible because return of the inventory was improperly made thus invalidating the warrant, the court held the search warrant was a valid instrument capable of being used by the officers for the purposes described therein. The court relied on out of jurisdiction cases which have held under statutes similar "that the required act by the officer was a ministerial one and created a defect, but did not void the effectiveness of the warrant or contaminate the evidentiary value of the property seized under the warrant. [Citations.]" (163 Cal.App.2d at p. 548.)[2]

██ The return on a search warrant is an important part of the process. It protects the individual's property which has been seized, it provides the accused with access to knowledge of what was seized, it re-

---

[2]Also following this ministerial view are: *United States v. Callahan,* 17 F.2d 937, 941-942; *State v. Hunt* (Mo. 1970) 454 S.W.2d 555, and *United States v. Gross,* 137 F.Supp. 244, 248.

quires the authorities to promptly come forward and officially disclose what was seized (i.e., making the official account for what was done under the warrant), and it provides for an immediate check by the impartial magistrate on whether the search was excessive (i.e., that the warrant was duly executed).

However, section 1534, Penal Code does not specify the consequences if a warrant is executed but not returned within 10 days, or remedies, if any, in the event of noncompliance with the statutory time requirement. (*People v. Schroeder*, 96 Cal.App.3d 730, 733 [158 Cal.Rptr. 220].) Where there is good cause for a delay, and there is the absence of a showing of prejudice because of the delay, the failure to file return of an otherwise validly executed search warrant within the statutory period cannot be deemed a violation of constitutional dimensions, and does not give rise to the remedy of suppression.

Defect in executing the warrant or in filing papers after execution has not invalidated an otherwise validly issued warrant, i.e., failure of officer to make documents and records a judicial record in accord with section 1534, subdivision (a), absent willful suppression of evidence and resulting prejudice (*People v. Sanchez*, 24 Cal.App.3d 664, 686-687 [101 Cal.Rptr. 193], overruled on other grounds in *People v. Martin*, 9 Cal.3d 687, 695, fn. 8 [108 Cal.Rptr. 809, 511 P.2d 1161]); warrant executed at night without authorization (*Tidwell v. Superior Court*, 17 Cal.App.3d 780, 787-788 [95 Cal.Rptr. 213]); delay in filing return of search warrant promptly with clerk of court (*United States v. Averell* (E.D.N.Y. 1969) 296 F.Supp. 1004, 1014). Even defect in issuance of search warrant has not invalidated the warrant, i.e., absence of signature of magistrate on warrant (*People v. Superior Court (Robinson)* 75 Cal.App.3d 76, 79 [141 Cal.Rptr. 917]); printed form of warrant referred to narcotics and narcotic paraphernalia whereas affidavit alleged possession for sale of dangerous drugs (*People v. Moore*, 31 Cal.App.3d 919, 927 [107 Cal.Rptr. 590]); affidavit supporting search warrant sworn to and subscribed by affiant in presence of clerk of issuing magistrate instead of magistrate (*People v. Chavez*, 27 Cal.App.3d 883, 885-886 [104 Cal.Rptr. 247]); oral declaration by officer securing search warrant that his statements were true. (*Clifton v. Superior Court*, 7 Cal.App.3d 245, 254-255 [86 Cal.Rptr. 612].)

■ On the issue of prejudice, if any, caused by the delay in filing return, the warrant here was validly issued, it was validly executed the same day it was issued, and the return was filed 45 days after expira-

tion of the statutory 10-day period but within 10 days after affiant's (Officer Reeves) access to the inventory. In the circumstances of this case we cannot hold the delay to be unreasonable. (*People* v. *Schroeder,* 96 Cal.App.3d 730, 733 [158 Cal.Rptr. 220].) In *Schroeder* the court upheld the validity of the search warrant where it was executed promptly but the documents (bank records) called for by the warrant were so voluminous that full compliance within the 10-day period could not be had on the return of the warrant. The issue of the admissibility of those records which were included in a supplemental return filed after the statutory period, was raised on appeal from judgment of conviction of fraudulent selling used cars. The court held, considering the real purpose of the 10-day requirement which more truly concerns the execution of the warrant than the filing of the return, that when the bank immediately indicated it would take a long time to assemble the voluminous material, the statutory requirement was met. (P. 733.) Here the transcript of the testimony taken at the preliminary hearing (which this court may consider by stipulation of the parties entered into below), and the stipulation of facts to which Officer Reeves (the affiant) would testify were he called and sworn as a witness, reflect the problems facing him at the time of execution of the search warrant and the inability of Officer Reeves to file the return within the 10-day period.

A dozen photographs show a great number of items in use in making PCP in the laboratory searched: meat lockers, sink, freezer, measuring devices, beakers, water bottles, jars, metal containers, chemical drums, scales, cups, glasses, bottles and various chemicals; found on the premises were large quantities of chemicals in powder, crystal and liquid form, and PCP; some of the substances were highly volatile and some, explosive; Officer Reeves was fearful of explosion which is common in PCP laboratories. Thus because of the quantity of chemicals, and their volatile and explosive nature, PCP and paraphernalia present at the site of the laboratory, the procedure of taking inventory was somewhat different than in the normal case in which the officer himself would take inventory and custody of the contraband; the materials found in the lab had to be removed with care and because of his expertise with these chemicals, Ray Wells, criminalist, sheriff's department, arrived (on Sept. 1), gathered up the evidence, removed it from the lab to the crime laboratory and stored it; thereafter Wells chemically analyzed the items and as he did so, prepared the inventory which was not concluded until October 13 (Thursday); on that day Wells placed his report, at least 31 grouped items and all analyses in the county messenger service to Officer Reeves; in the normal course of county delivery, it would not be

received in Inglewood until Sunday, October 16; on October 17, Officer Reeves had his first access to the inventory which formed the basis of the return; he filed the return on October 25 within 10 days of his first access to the inventory; the inventory items numbered 33 and consisted of boxes, jars, bottles, cans, beakers, metal containers, glasses and bags containing chemicals (powder, crystals and liquid), PCP and plant material.

Great quantities of explosive and volatile material had to be removed with care from the premises by an expert, properly handled and stored, analyzed and inventoried making it difficult, perhaps impossible to effect compliance with the time requirement of section 1534, subdivision (a). When the affiant officer first received the inventory made by the criminalist, he acted with diligence and filed his return of the warrant within 10 days thereof. Under the circumstances we deem the delay to be reasonable.

There was good cause for the delay in making the return, and appellant has neither shown nor asserted he was prejudiced by the delay. While the late return of the warrant created a defect, it did not under these circumstances give rise to the remedy of suppression of the evidence.

The order is reversed.

Hanson, J., and Rothman, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.