[No. A029526. First Dist., Div. Five. Mar. 12, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES ANTHONY KIBBLEWHITE, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976(b), the portion of the opinion to be published follows.

**COUNSEL**

Nolan & Parnes and Andrew H. Parnes for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Charles J. James and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HANING, J.**—Defendant/appellant James Anthony Kibblewhite appeals from a judgment of conviction of possession of cocaine for sale (Health & Saf. Code, § 11351), following his plea of nolo contendere. His appeal is pursuant to Penal Code section 1538.5, subdivision (m), his contention being that the trial court erred in denying his motion to suppress evidence. The evidence he seeks to suppress was located in a locked safe which was removed from his residence by police officers executing a valid search warrant. The safe was transported to the police station and forcibly opened by the fire department four days later. We affirm.

Appellant's primary contention is that the seizure and subsequent search of an attached safe removed from his residence was unlawful. During the course of the search for cocaine, the police looked into a closet and discovered a locked, attached combination safe with a triple-beam balance scale and a box of zip-lock plastic bags on top. Such scales are normally used to weigh cocaine, and it is commonly packaged in zip-lock bags. Also, in the closet was an Uzi submachine gun, two pistols, two brown paper bags containing a white powder, and a bag of marijuana. ■ Appellant argues that the search warrant authorized a search of "containers," and that a safe is not a container. This argument we reject. A safe, by definition, is a very secure container. A search of the residence authorizes the search of all areas of the residence, including containers therein, which could hold the contraband described in the warrant. (*United States* v. *Ross* (1982) 456 U.S. 798, 820-821 [72 L.Ed.2d 572, 591, 102 S.Ct. 2157]; *Skelton* v. *Superior Court* (1969) 1 Cal.3d 144, 158 [81 Cal.Rptr. 613, 460 P.2d 485].)

■ Appellant further argues that the manner of search and seizure was improper. The police asked appellant for the combination, but he refused to reveal it. They then took the safe to the police department and had the fire department force it open in their presence four days later. The opening and search of the safe itself is not affected by the "staleness" factor that occasionally attenuates warrants which are not timely executed. (See, e.g., *Sgro* v. *United States* (1932) 287 U.S. 206 [77 L.Ed 260, 53 S.Ct. 138, 85 A.L.R. 108]; *People* v. *Hernandez* (1974) 43 Cal.App.3d 581 [118 Cal.Rptr. 53].) Penal Code section 1534, subdivision (a) provides, in relevant part: "A search warrant shall be executed and returned within 10 days after date of issuance. A warrant executed within the 10-day period shall be deemed to have been timely executed and no further showing of timeliness need be made." ■ The purpose of the statutory requirement of timely execution of search warrants is to ensure that probable cause still exists to believe that the items sought by the warrant are in the place to be searched. (*People* v. *Hernandez, supra,* at pp. 586-588.)

 The search warrant here in question was promptly executed and the safe was seized at the time of the residential search. The safe was opened within 10 days of issuance of the warrant, and we repeat that the search warrant here not only authorized a search of the residence, but also of any containers therein which might contain the contraband sought by the warrant. Anything that was in the safe on the day it was seized was still there four days later when it was opened. Hence, the cocaine found inside was "fresh." The officers could have guarded the safe at appellant's residence until the equipment necessary to open it arrived, at which time they could break it open. (Pen. Code, § 1531.) If appellant did not want the safe broken or did not want it removed to a place where it could be opened, he could have provided the combination. Appellant contends that revelation of the combination would have required him to waive his Fifth Amendment rights, and that he should not be forced to waive one constitutional right in order to preserve another.[1] Regardless of the validity of this assertion, it is inapplicable because it erroneously presumes appellant had a right to have the safe forced open immediately in his presence. He did not. (See, e.g., *United States* v. *Johns* (1985) 469 U.S. 478 [83 L.Ed.2d 890; 105 S.Ct. 881]; *People* v. *Schroeder* (1979) 96 Cal.App.3d 730 [158 Cal.Rptr. 220]; *People* v. *Hernandez, supra,* 43 Cal.App.3d 581; Pen. Code, § 1534, subd. (a).) His contention that he lost the use of his safe during the four-day period does not taint the search thereof. Since the safe itself was evidence of the crime, it could have been maintained by the police even if it were opened at appellant's residence.

The issue here was recently determined adversely to appellant by the United States Supreme Court. In *United States* v. *Johns, supra,* 469 U.S. 478 [83 L.Ed.2d 890; 105 S.Ct. 881], federal customs officers, having probable cause to do so, seized two trucks containing packages thought to contain marijuana. They did not open the packages, however, until three days after they were seized. The high court upheld the search, holding that a search of a package or container need not always be contemporaneous with its seizure, and that the delay in that case was not unreasonable. We conclude the same reasoning applies here. The seizure of the safe herein occurred on the Friday of the July 4th weekend, and was opened on the first of the week. Appellant demonstrates no possible prejudice by the delay, nor does he establish how the conduct "adversely affected legitimate interests protected by the Fourth Amendment." (*Id.,* [83 L.Ed.2d at p. 105 S.Ct. at p. 887].)

---

[1]Defendants in criminal cases are frequently called upon to make such choices. The most common occurrence is when defendants testify on their own behalf and subject themselves to cross-examination, thereby waiving Fifth Amendment rights in order to assert the right to testify in their own defense.

Affirmed.

Low, P. J., and King, J., concurred.