[No. A064315. First Dist., Div. Two. Nov. 9, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
KELLI JEANETTE HEAD, Defendant and Appellant.

**COUNSEL**

Sara H. Ruddy, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SMITH, J.**—Kelli Jeanette Head appeals after pleading guilty to felony and misdemeanor possession of a narcotic (Health & Saf. Code, § 11350, subds. (a) and (b)). Granted probation with imposition of sentence suspended, she challenges denials of her motions to suppress evidence seized under warrant on grounds that a delay in filing a return to the warrant violated her Fourth Amendment rights. We uphold the denials and judgment.

This case involves a warrant concededly valid in its issuance and execution. The issue is whether police negligence in not filing the return timely compelled suppression of the evidence seized. The officers who executed the warrant obtained probable cause through the arrest of a woman, Beatrice Robinson, who related that narcotics were being sold at the residence. Robinson's information was conveyed through a police report in support of the warrant's issuance, but she could not be located to testify at the preliminary hearing. When a defense investigator tried to contact her in late July of 1993, over a year after the search, the investigator learned that

Robinson had moved earlier that month without leaving a forwarding address.

Head sought suppression below, claiming prejudice in that the late return and chance to review the warrant prevented her from identifying Robinson earlier, as a potential defense witness. Head speculates that Robinson might have testified that Head was not involved in the drug sales from the residence.

## BACKGROUND

On May 27, 1992, Detective Lugo and Officer Smith saw a sale of a suspected controlled substance out of the window of a Richmond apartment. Robinson bought from someone inside (only the person's arms were visible) whom they believed to be a male they had seen on the street earlier. The officers then arrested Robinson and found what they thought was rock cocaine on her. Robinson admitted using rock cocaine and buying from the apartments in that complex because they were close to her house. She also said that she had bought from that apartment before.

A search warrant issued on June 11 and was executed at the apartment on June 12, the next day. The search revealed suspected narcotics, paraphernalia and a tax return with Head's name on it in one room of the apartment. Officers also found women's clothing in the closets and two identification cards for Head in a dresser in the room. The substances were determined to contain cocaine base, and on July 15, 1992, Head was charged with possessing cocaine base for sale.

Although the search warrant was validly issued and executed in June 1992, Smith, the officer responsible for filing its return, did not do so until July 23, 1993. Smith explained at the preliminary hearing that he had assumed another officer would be filing it, along with returns from two other warrants executed the same day—one at the same apartment complex. The return had been completely filled out and ready for filing but, due to the mistake, was overlooked. He found it, a year and 12 days later, "in our old office on the third floor mixed in with a bunch of old case files that were destined to be destroyed." He filed it right away, which was over two months before the preliminary hearing where Head first moved to suppress. The motion was denied there and again in superior court, where it was renewed on the same record.

APPEAL

Penal Code section 1534, subdivision (a), provides in part: "A search warrant shall be executed and returned within 10 days after date of issuance . . . . After the expiration of 10 days, the warrant, unless executed, is void. . . ." Penal Code section 1537 directs, "The officer must forthwith return the warrant to the magistrate, and deliver to him a written inventory of the property taken, . . . verified by the affidavit of the officer at the foot of the inventory, and taken before the magistrate at the time . . . ."

Case law is vague on what remedies might exist to redress failure to file a return timely. ■ "Though sections 1534 and 1537 outline the procedures to be followed by an officer with respect to search warrants, they do not specifically provide for remedies, if any, in the event of noncompliance. . . ." (*People* v. *Couch* (1979) 97 Cal.App.3d 377, 380 [158 Cal.Rptr. 647].) Specifically, they do not specify "the consequence if a warrant is executed but not returned within 10 days, or if materials called for in the warrant are produced more than 10 days after the warrant was issued. . . ." (*People* v. *Schroeder* (1979) 96 Cal.App.3d 730, 733 [158 Cal.Rptr. 220].) Moreover, the 10-day requirement's partial purpose "to insure that the showing of probable cause which supported issuance of a warrant will still exist" when the warrant is executed (*ibid.*) is not implicated where the warrant is timely executed but the return is filed late. No statutory remedy exists.

■ The crucial question then, since we review a denial of suppression, is whether the late filing constituted a violation of the Fourth Amendment. In this post-Proposition 8 case where no statute prescribes it, the remedy of suppression is available only if the delay violated the Fourth Amendment. (See generally, *In re Lance W.* (1985) 37 Cal.3d 873, 888-889 [210 Cal.Rptr. 631, 694 P.2d 744]; Cal. Const., art. I, § 28, subd. (d).)

No California case has yet held that a late or otherwise faulty return violates the Fourth Amendment. Violations of the return requirements, which are ministerial in nature and directed to events arising after the invasion of privacy to which the Fourth Amendment pertains, have so far not been held error of Fourth Amendment dimension. (E.g., *People* v. *Couch*, *supra*, 97 Cal.App.3d 377, 380-381 [return filed one day late]; *People* v. *Kirk* (1979) 99 Cal.App.3d 89, 92-94 [160 Cal.Rptr. 184] [return filed 55 days late]; *People* v. *Schroeder*, *supra*, 96 Cal.App.3d 730, 733-734 [supplemental return filed late]; *People* v. *Phillips* (1958) 163 Cal.App.2d 541, 548 [329

P.2d 621] [inventory not taken in the defendant's presence, and no copy given to her].) Some cases have suggested that a late return could create Fourth Amendment error should the defendant show adequate prejudice, the rationale being that a return serves to protect the accused's property, giving him or her access to knowledge of what was seized, and allowing a magistrate prompt review of whether the execution was excessive. (*People* v. *Kirk, supra,* 99 Cal.App.3d at pp. 93-94; *People* v. *Couch, supra,* 97 Cal.App.3d at pp. 380-381.) One case adds that a good faith excuse rendering a delay reasonable also makes suppression unavailable. (*People* v. *Kirk, supra,* 99 Cal.App.3d at p. 96.) Strictly speaking, those suggestions are dicta in that no such prejudice (or lack of good cause) was ever found.

Federal courts examining "prompt" filing and other requirements for federal returns (Fed. Rules Crim.Proc., rule 41(a), (rule 41(a)) have likewise found them to be ministerial but, focusing on law enforcement misconduct as well as prejudice, have held that suppression is available for prejudice or for intentional or deliberate disregard of the requirements. (See, e.g., *U.S.* v. *Motz* (9th Cir. 1991) 936 F.2d 1021, 1025 [10-week delay and failure to list seized marijuana plants]; *United States* v. *Marx* (5th Cir. 1981) 635 F.2d 436, 441 [copy not timely delivered to defendant]; cf. *U.S.* v. *Johns* (9th Cir. 1991) 948 F.2d 599, 603-606 [prejudice shown from a lack of notice, but good-faith exception applied].) The federal high court has provided little guidance on the constitutional issue but held in one case that because a warrant seizure was itself constitutional, it was not "constitutionally significant that [items] were not listed in the return of the warrant. The ramification of that 'defect,' if such it was, is purely a question of state law." (*Cady* v. *Dombrowski* (1973) 413 U.S. 433, 449 [37 L.Ed.2d 706, 719, 93 S.Ct. 2523].)

A federal case not cited by the parties suggests that suppression is never appropriate to remedy inadvertent or nonintentional violations of return requirements which do not implicate the Fourth Amendment concerns underlying them. Examining an Ohio statute which mirrored Federal Rules of Criminal Procedure, rule 41, the Sixth Circuit reasoned that a failure to make a prompt return and to verify inventory, defects occurring only *after* a valid search, bore "no relation at all to the command of the Fourth Amendment which bars unreasonable searches and seizures. . . . The requirement of prompt return serves, among other purposes, to make sure that the warrant and its affidavit are available to counsel for inspection in preparation for trial." (*United States* v. *Dudek* (6th Cir. 1976) 530 F.2d 684, 691.) "There are . . . many possible methods of vindicating the inventory and return [requirements] other than suppression of the lawfully seized evidence. Possible

remedies might include a judicial writ to compel performance of the neglected acts. Additionally, a trial court might grant an adjournment to counsel who, because of delay in filing the return, had been deprived of opportunity to inspect the affidavit and search warrant." (*Ibid.*)

If we assume in this case that even an intentional violation of statute could merit suppression after Proposition 8 (but see *In re Lance W., supra,* 37 Cal.3d 873, 888-889), the problem for Head is that the municipal court judge below, to whom we must defer on all factual matters (*People v. Trujillo* (1990) 217 Cal.App.3d 1219, 1223-1224 [266 Cal.Rptr. 473]), expressly found that Officer Smith's omission was "a good faith mistake," not a willful violation, and that finding is amply supported.

On the alternative question of prejudice, the claim appears novel. Head claims loss of a witness (as divulged in a warrant affidavit) who might have given testimony not going to the legality of the search, but to her guilt of the substantive drug charges at trial. Thus she relies on cases employing the reasonable-possibility, material-witness test for failure to disclose a confidential informant, one based on the due process right to a fair trial, not on Fourth Amendment privacy/property concerns. (E.g., *Honore v. Superior Court* (1969) 70 Cal.2d 162, 168-169 [74 Cal.Rptr. 233, 449 P.2d 169]; *People v. Fried* (1989) 214 Cal.App.3d 1309, 1314-1316 [263 Cal.Rptr. 237]; *Williams v. Superior Court* (1974) 38 Cal.App.3d 412, 423 [112 Cal.Rptr. 485].) Both courts below found her prejudice claim too speculative, but we need not decide on the merits.

We hold the suppression remedy unavailable because the prejudice claimed does not implicate Fourth Amendment concerns. (Cf. *United States v. Dudek, supra,* 530 F.2d 684, 691.) Head cites no authority that loss of a potentially exculpatory trial witness justified invocation of the federal exclusionary rule.

To the extent that some remedy appropriate to loss of *trial* witnesses (cf. *Honore v. Superior Court, supra,* 70 Cal.2d 162, 168-169) or evidence (cf. *People v. Medina* (1990) 51 Cal.3d 870, 893-894 [274 Cal.Rptr. 849, 799 P.2d 1282]) might have existed, we first observe that she did not seek any such remedy below. ■ More fundamentally, this post-guilty-plea appeal is cognizable only to the extent allowed by the *suppression* statute (Pen. Code, § 1538.5, subd. (m)). All issues concerning guilt-relevant evidence outside that narrow context would be waived by her guilty plea. (*People v. Castro* (1974) 42 Cal.App.3d 960, 963-965 [117 Cal.Rptr. 295] [motion to

disclose identity of informant]; *People* v. *Ahern* (1984) 157 Cal.App.3d 27, 32-34 [204 Cal.Rptr. 11] [motion for sanctions for destruction of evidence]; *People* v. *Shults* (1984) 151 Cal.App.3d 714, 718-719 [199 Cal.Rptr. 33]; see generally, *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 8-9 [136 Cal.Rptr. 409, 559 P.2d 1028].)

## DISPOSITION

The judgment is affirmed.

Kline, P. J., and Haerle, J., concurred.