## SGRO *v.* UNITED STATES.

No. 55.   Argued October 10, 1932.—Decided December 5, 1932.

*Mr. Irving K. Baxter* for petitioner.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher,* and *Messrs. John J. Byrne* and *W. Marvin Smith* were on the brief, for the United States.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The petitioner was charged with violating the National Prohibition Act by possessing and selling intoxicating liquor at the Bouckville Hotel. The District Court denied his request to restrain the use of evidence procured by federal officers while searching the hotel under a warrant alleged to be invalid. This evidence was introduced at the trial over his objection. He was found guilty and the judgment against him was affirmed by the Circuit Court of Appeals. [54 F. (2d) 1083.] This Court granted certiorari. The only question presented is as to the validity of the warrant.

Subject to petitioner's contention, the parties entered into a stipulation of facts which so far as pertinent to the question is as follows:

" That on or about the sixth day of July, 1926, William Arthur, United States Commissioner, at Rome, New York, issued a search warrant based upon an affidavit introduced in evidence in this case, of C. G. Dodd, in which Dodd swore that he made a purchase of beer of the defendant; that on the twenty-seventh day of July, 1926, the said search warrant not having been executed in the interim and ten days from the date of the search warrant having expired, the search warrant was taken by the prohibition agents to whom it was directed back to the commissioner and by him, or by someone in his office under his direction and control, the date of the search warrant was changed from July sixth to July twenty-seventh, 1926, and thus reissued; that acting under the color of such search warrant," the search in question was made.

The record also contains a certificate by the United States Commissioner, under date of December 20, 1926, as follows:

" I hereby certify that the complaint or affidavit, upon which the search warrant was issued in the above entitled matter, was made before me on the 6th day of July, 1926. That the search warrant was issued on or about said 6th day of July, 1926, but was not executed within the ten days prescribed by statute, and was returned to me by Albert Vandiver, Prohibition Agent in Charge of the Syracuse office requesting that same be reissued or re-dated, and my docket book shows that same was reissued on the 27th day of July, 1926, and mailed back to said Vandiver."

The National Prohibition Act, § 25, 41 Stat. 305, 315, U. S. C., Tit. 27, § 39, authorizes the issue of warrants to search for intoxicating liquors as provided in Title XI of the Act of June 15, 1917, 40 Stat. 228.[1] Section 11 of the last mentioned Act has the following requirement:

---

[1] The following are among the provisions of the Act of June 15, 1917, Tit. XI, 40 Stat. 228:

" Sec. 3. A search warrant can not be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched.

" Sec. 4. The judge or commissioner must, before issuing the warrant, examine on oath the complainant and any witness he may produce, and require their affidavits or take their depositions in writing and cause them to be subscribed by the parties making them.

" Sec. 5. The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist.

" Sec. 6. If the judge or commissioner is thereupon satisfied of the existence of the grounds of the application or that there is probable cause to believe their existence, he must issue a search warrant signed by him with his name of office, to a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof, or to a person so duly authorized by the President of the United States, stating the particular grounds or probable cause for its issue and the

" SEC. 11. A search warrant must be executed and returned to the judge or commissioner who issued it within ten days after its date; after the expiration of this time the warrant, unless executed, is void."

As the original warrant was issued on July sixth and was not executed within ten days, it became void under this explicit provision. But the Government contends that the warrant could be redated and reissued, and that in this form it should be regarded as a new warrant under which the search could lawfully be made.

With this argument we cannot agree. The proceeding by search warrant is a drastic one. Its abuse led to the adoption of the Fourth Amendment, and this, together with legislation regulating the process, should be liberally construed in favor of the individual. *Boyd* v. *United States,* 116 U. S. 616, 635; *Byars* v. *United States,* 273 U. S. 28, 32; *Marron* v. *United States,* 275 U. S. 192, 196, 197; *United States* v. *Lefkowitz,* 285 U. S. 452, 464. The statute requires that the judge or commissioner issuing a search warrant for intoxicating liquors must be satisfied " of the existence of the grounds of the application or that there is probable cause to believe their existence." Act of June 15, 1917, Tit. XI, § 6. He must take proof to that end. *Id.,* §§ 4, 5. The warrant must state " the particular grounds or probable cause for its issue and the names of the persons whose affidavits have been taken in support thereof." *Id.,* § 6. While the statute does not fix the time within which proof of probable cause must be taken by the judge or commissioner, it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test

---

names of the persons whose affidavits have been taken in support thereof, and commanding him forthwith to search the person or place named, for the property specified, and to bring it before the judge or commissioner."

must be determined by the circumstances of each case. It is in the light of the requirement that probable cause ·must properly appear when the warrant issues that we must read the provision which in explicit terms makes a warrant void unless executed within ten days after its date. That period marks the permitted duration of the proceeding in which the warrant is issued. There is no provision which authorizes the commissioner to extend its life or to revive it.

The issue of a second warrant is essentially a new proceeding which must have adequate support. The fact that it is a second warrant gives the commissioner no privilege to dispense with the statutory conditions. These cannot be escaped by describing the action as a reissue. If the warrant is the old one, sought to be revived, the proceeding is a nullity, and if it is a new warrant, the commissioner must act accordingly. The statute in terms requires him before issuing the warrant to take proof of probable cause. This he must do by examining on oath the complainant and his witness and requiring their affidavits or depositions. The proof supplied must have appropriate relation to the application for the new warrant and must speak as of the time of the issue of that warrant. The commissioner has no authority to rely on affidavits which have sole relation to a different time and have not been brought down to date or supplemented so that they can be deemed to disclose grounds existing when the new warrant is issued. The new warrant must rest upon a proper finding and statement by the commissioner that probable cause then exists. That determination, as of that time, cannot be left to mere inference or conjecture. The purpose of the statute would be thwarted if by the simple expedient of redating, without more, the time for the execution of a warrant could be extended.

Applying these principles to the instant case, the warrant cannot be sustained. The proceeding for the warrant issued on July sixth had terminated and that warrant was dead. On the new application of July twenty-seventh the commissioner took no proof to show that probable cause then existed and he made no finding of probable cause at that time. It is impossible by any process of reasoning to obscure or alter what he actually did. He simply changed the date of the old warrant and it was " thus reissued." Such action was unauthorized.

*Judgment reversed.*

Mr. Justice Stone and Mr. Justice Cardozo think that the Commissioner, by redating the warrant, in effect, issued a new warrant, which was adequately supported by facts disclosed in the affidavit, then before him, on which the first warrant had been issued.

Separate opinion of Mr. Justice McReynolds.

I concur in the conclusion that the judgment below should be reversed.

An information charged that Petitioner Sgro had violated the National Prohibition Act by keeping intoxicating liquor at an hotel. In due time and manner he unsuccessfully asked the District Court to prohibit the use of all evidence procured by federal officers while searching the hotel under color of a warrant alleged to be invalid. At the trial this evidence was introduced over his objection. A verdict of guilty followed; judgment thereon was affirmed by the Circuit Court of Appeals. If the challenged search warrant was invalid, this judgment must be reversed.

By stipulation it appears—

" That on or about the sixth day of July, 1926, William Arthur, United States Commissioner, at Rome, New York, issued a search warrant based upon an affidavit introduced in evidence in this case, of C. G. Dodd, in which Dodd

swore that he made a purchase of beer of the defendant; that on the twenty-seventh day of July, 1926, the said search warrant not having been executed in the interim and ten days from the date of the search warrant having expired, the search warrant was taken by the prohibition agents to whom it was directed back to the commissioner and by him, or by someone in his office under his direction and control, the date of the search warrant was changed from July sixth to July twenty-seventh, 1926, and thus reissued; that acting under the color of such search warrant, Prohibition Agents Henry E. March, Bernard J. Dwyer and B. G. Silvernail went to the premises described in the search warrant, namely the Bouckville Hotel, of which the defendant is the proprietor, at Bouckville, New York, in the Northern District of New York, and there, the defendant being present, searched the premises and found one pint of gin, a pint of beer in the bar room of the said premises, and also found in the cellar of said premises under said bar room three and a half barrels of liquid, . . . ."

The Fourth Amendment provides—" The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The National Prohibition Act, § 25, 41 Stat. 305, 315, U. S. C. A., Title 27, § 39, authorizes the issuance of warrants to search for intoxicating liquors under the circumstances specified by Title XI, Public Laws No. 24, 65th Congress (Espionage Act), approved June 15, 1917, 40 Stat. 228. The following are among the provisions of the latter Act—

" Sec. 2. A search warrant may be issued under this title upon either of the following grounds:

" 3. When the property, or any paper, is possessed, controlled, or used in violation of section twenty-two of this title; in which case it may be taken on the warrant from the person violating said section, or from any person in whose possession it may be, or from any house or other place in which it is concealed.

" Sec. 3. A search warrant can not be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched.

" Sec. 4. The judge or commissioner must, before issuing the warrant, examine on oath the complainant and any witness he may produce, and require their affidavits or take their depositions in writing and cause them to be subscribed by the parties making them.

" Sec. 5. The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist.

" Sec. 6. If the judge or commissioner is thereupon satisfied of the existence of the grounds of the application or that there is probable cause to believe their existence, he must issue a search warrant, signed by him with his name of office, to a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof, or to a person so duly authorized by the President of the United States, stating the particular grounds or probable cause for its issue and the names of the persons whose affidavits have been taken in support thereof, and commanding him forthwith to search the person or place named, for the property specified, and to bring it before the judge or commissioner.

" Sec. 11. A search warrant must be executed and returned to the judge or commissioner who issued it within ten days after its date; after the expiration of this time the warrant, unless executed, is void."

Counsel for the United States submit that while under the Espionage Act (§ 11) a search warrant not executed within ten days becomes invalid, the statute does not inhibit utilization of an outlawed warrant as a mere form or blank when preparing a new one based upon the original affidavit; that here the act of the Commissioner in changing the date upon the July sixth warrant and then reissuing it under date of July twenty-seventh was to all intents and purposes the issuing of an entirely new and valid warrant supported by the Dodd affidavit of July sixth. This argument is pertinent and should be answered.

It fairly may be assumed that the Commissioner who issued the warrant on July twenty-seventh relied upon the original (July sixth) affidavit which remained before him; and if this was permissible, the new warrant, of course, was good—just as good as if no earlier one had been issued upon the same affidavit. But if the original affidavit had become stale by the passage of time, then the new warrant lacked adequate support and was invalid. Manifestly, it is important that there should be some definite rule by which to determine when such an affidavit is impotent; otherwise, the matter is left at large—dependent upon varying views of reasonableness.

The proceeding by search warrant is a drastic one. Its abuse led to the adoption of the Fourth Amendment, and this, together with legislation regulating such process, should be liberally construed in favor of the individual. *Boyd* v. *United States,* 116 U. S. 616, 635; *Adams* v. *New York,* 192 U. S. 585; *Byars* v. *United States,* 273 U. S. 28; *Marron* v. *United States,* 275 U. S. 192, 196, 197.

The statutes require that a warrant to search for intoxicating liquors shall rest upon duly established probable cause to believe that at the time it issues the liquor is unlawfully possessed. The supporting affidavit must re-

late to facts which tend to show an unlawful situation actually or probably existing at the moment. Section 11, Espionage Act, declares that after ten days a warrant not fully executed shall be void. That is the prescribed period during which the circumstances existing when it issued can be supposed to continue.

Considering the whole statute, and especially the evident purpose of Congress to protect against unnecessary delays and uncertainties, I think no search warrant should issue upon an affidavit more than ten days old. After attaining that age statements therein cannot properly indicate presently existing conditions. In practice the contrary view would permit results which the prescribed ten days' limitation was intended to prevent. The disclosed unlawful situation is not presumed to continue more than ten days after a warrant issues and it seems entirely reasonable to conclude that Congress did not intend to sanction a less rigid limitation upon the supporting affidavit.

It follows that the Commissioner's warrant of July twenty-seventh was invalid, even if it be assumed that he then actually relied upon the original supporting affidavit dated three weeks earlier.