**UNITED STATES of America, Plaintiff,**

v.

**Thomas STIMAC, et al., Defendants.**

**No. 82 CR 308.**

United States District Court,
N. D. Illinois, E. D.

Aug. 10, 1982.

Rick Miller, William Coulson, Asst. U. S. Attys., Chicago, Ill., for plaintiff. .

Seymour Vishny, Chicago, Ill., J. Stephen Gray, Salisbury, N. C., Matthias A. Lydon, Pierce, Lydon & Griffin, Santo J. Volpe, Chicago, Ill., David A. Bermann, Bermann & Mulcahy, Encino, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The Special January 1982 Grand Jury charged the defendants in this case with a conspiracy to unlawfully kidnap and confine Betty Darlene Callahan for the purpose of impeding the investigation of the death of Tommy Forester and for sexual gratification and prostitution. Presently before the Court are defendant Thomas Stimac's two motions to suppress certain evidence seized from the residence located at 16 W 467 91st Street in Hinsdale, Illinois, in connection with the investigation and prosecution of this case. Specifically, Stimac has moved to

suppress a shotgun seized from the residence on April 27, 1982, and moved to quash the search warrant and suppress all evidence seized thereunder from the residence on March 23, 1982. For the following reasons, each of Stimac's motions are denied.

*Motion to Suppress (April 27, 1982)*

■ Defendant Stimac's one-sentence, five-line motion to suppress the shotgun seized on April 27, 1982, from the residence during the course of his arrest (pursuant to an arrest warrant) fails to state the grounds upon which defendant believes suppression is required. Nor is it supported by any other documentation or briefs. Since defendant's motion to suppress the shotgun is insufficient on its face, it must be denied.

*Motion to Quash (March 23, 1982)*

Defendant Stimac's motion [1] to quash the search warrant and suppress all evidence seized on March 23, 1982, from the residence pursuant to the warrant states three substantive grounds for suppression: (1) that the source of information underlying the affidavit submitted to the magistrate in support of a warrant was not reliable; (2) that the information obtained from the source was stale and could no longer support a finding of probable cause; and (3) that the warrant lacked sufficient particularity. The Court will address each of these issues in seriatim.

### I.

The informant whose reliability defendant challenges is the alleged victim of the conspiracy, Betty Darlene Callahan. Callahan's testimony before the grand jury as well as her interviews with investigators formed the basis of most of the substantive allegations contained in the affidavit submitted by Special Agent John Malone in support of the government's application for a search warrant. Defendant Stimac argues that the government has failed to establish Callahan's reliability under the standard initially enunciated in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

*Aguilar* makes clear that when probable cause is based on information provided by an informant, the affidavit submitted in support of a search warrant must set forth, *inter alia*, the underlying circumstances from which the affiant concluded that the informant was reliable. 378 U.S. at 114, 84 S.Ct. at 1514. In the present case, Stimac contends that the mere fact that Callahan previously testified for the State of North Carolina in an arson case does not itself establish her reliability.[2] Defendant also argues generally that the affidavit does not, on its face, establish Callahan's credibility. Neither of these arguments, however, dictate that the search warrant be quashed.

■ Courts generally presume the reliability or credibility of an informant when he or she is the victim of the crime alleged. *United States v. Dennis*, 625 F.2d 782, 791 (8th Cir. 1980); *United States v. Mahler*, 442 F.2d 1172, 1174–75 (9th Cir.), *cert. denied*, 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971). Even without benefit of a presumption, however, the allegations contained in this affidavit are sufficient to satisfy the *Aguilar* reliability requirement. As established by the Supreme Court in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), reliability may be established by independent corroboration of the details supplied by the informant. In the present case, the affidavit seeking the warrant made clear that a wide variety of facts underlying Callahan's account of these crimes were corroborated by objective physical evidence as well as subjective reports from individuals unconnected to Callahan.[3] *Cf. United States v.*

---

1. The motion is supported by a legal memorandum.

2. The affidavit does not make any statement regarding the reliability of Callahan's former testimony.

3. The Court has considered the significance of each corroborated detail in evaluating this motion. We decline to discuss these facts specifically because the government's affidavit is under seal.

*Bush*, 647 F.2d 357, 363 (3d Cir. 1981); *United States v. Fitzharris*, 633 F.2d 416, 421 (5th Cir. 1980), *cert. denied*, 451 U.S. 988, 101 S.Ct. 2325, 68 L.Ed.2d 847 (1981). Moreover, much of the information acquired from Callahan as well as some of the corroboration was obtained in grand jury testimony given under oath. Viewing the entire record available to the magistrate upon issuance of the search warrant, the Court finds that the government satisfied the reliability prong of the *Aguilar* test.

## II.

 In support of his motion, defendant argues that because Callahan escaped from the residence in which much of the criminal activity allegedly occurred over two months prior to the issuance and execution of the search warrant, the information upon which the warrant was based was stale and could no longer support a finding of probable cause. It is well established that the facts underlying a search warrant must be "closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Sgro v. United States*, 287 U.S. 206, 210–11, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932). The timeliness of those facts is evaluated, however, with reference to the overall circumstances of the case rather than an arbitrary cut-off expressed in days or weeks beyond which probable cause ceases to exist. *United States v. Beltempo*, 675 F.2d 472, 477–78 (2d Cir. 1982); *United States v. Viegas*, 639 F.2d 42, 46 (1st Cir.), *cert. denied*, 451 U.S. 970, 101 S.Ct. 2046, 68 L.Ed.2d 348 (1981). "The significance of the length of time between the point probable cause arose and when the warrant issued depends largely on the property's nature ... and should be contemplated in view of the practical considerations of everyday life." *United States v. Brinklow*, 560 F.2d 1003, 1005–06 (10th Cir. 1977), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978). In light of the nature of the property and criminal activity described in the affidavit in the present case, the Court concludes that the information upon which the warrant was based was sufficiently current to establish probable cause.

The property sought under the warrant, including a variety of firearms and drugs as well as photographic, documentary and electronic tape-recording evidence, allegedly facilitated the operation of defendants' unlawful activities in this case. Although the specific crimes charged in the indictment ended upon Callahan's escape in January of 1982, the means by which those crimes were carried out were alleged to have been part of a broader pattern of regular and continuous criminal conduct. In light of the information available to the magistrate at the time of issuing the search warrant, the conclusion was reasonable, if not inescapable, that the pattern of defendant's criminal conduct continued and that the instrumentalities of such conduct could be found at the residence to be searched.[4]

## III.

Defendant's final contention is that even if the search warrant was based on reliable and current information, it lacked sufficient particularity to withstand fourth amendment scrutiny. *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 325–26, 99 S.Ct. 2319, 2323–24, 60 L.Ed.2d 920 (1979). Stimac also argues that agents of the Bureau of Alcohol, Tobacco and Firearms and the Federal Bureau of Investigation made no attempt to determine the relevancy of any item seized in the course of executing the search warrant. However, upon examination of the face of the warrant, as well as the list of items seized in the search, the Court concludes that defendant's objections are without merit.

 The warrant directs federal agents to seize particular firearms and fire-

---

4. For example, the affidavit revealed that agents of the Bureau of Alcohol, Tobacco and Firearms had established that a number of the defendants continued to reside at the residence and continued to engage in specific suspicious activity as of March 23, 1982. Moreover, an independent informant, identified in the affidavit, alleged that Stimac continued to use an extensive amount of cocaine as of March 18th.

arm parts, any and all controlled substances including cocaine and "Canadian Blue" valium, and a variety of particularly described documents, paraphernalia and clothing connected to the conduct described in Callahan's grand jury testimony. On its face, the warrant describes the property sought with unusual particularity. *Cf. United States v. Coppage*, 635 F.2d 683, 687 (8th Cir. 1980) (upholding warrant authorizing seizure of "books, records, chemical equipment, and personal papers relating to manufacture and distribution of methamphetamine"); *United States v. Vargas*, 621 F.2d 54, 56 (2d Cir.), *cert. denied*, 449 U.S. 854, 101 S.Ct. 150, 66 L.Ed.2d 68 (1980) (upholding warrant authorizing seizure of "quantity of cocaine, its containers and documentary evidence relating to the smuggling of said cocaine ..."). Language in the warrant which authorizes the seizure of unspecified "evidence, products, fruits and instrumentalities" of particular criminal activity does not sanction a broad roving search in violation of the fourth amendment. *Cf. Andresen v. Maryland*, 427 U.S. 463, 479–82, 96 S.Ct. 2737, 2748–49, 49 L.Ed.2d 627 (1976); *United States v. Malik*, 680 F.2d 1162, 1165 (7th Cir. 1982).

The eighty items seized by federal agents while executing this warrant appear to fall well within the scope of the categories of property described in the warrant. Stimac has failed to identify any item seized beyond the scope of the authorization contained in the warrant, and his generalized allegation of impropriety does not establish a violation of the fourth amendment. *See United States v. Gentry*, 642 F.2d 385, 387 (10th Cir. 1981).

For the foregoing reasons, defendant's motion to suppress the shotgun seized from the residence on April 27, 1982, is denied. Defendant's motion to quash the March 23, 1982, search warrant and to suppress the evidence obtained thereunder is also denied.[5] It is so ordered.

---

5. Because the motion to suppress the April 27, 1982, seizure is insufficient on its face and the motion to quash solely involves the legal sufficiency of the March 23, 1982, search warrant, an evidentiary hearing is not required as to

either motion. Accordingly, the August 16, 1982, hearing date heretofore set is vacated. This cause will proceed to trial on October 18, 1982, as scheduled.