STATE of Minnesota, Appellant,

v.

Richard Alan HANSON, Respondent.

No. C5–84–1170.

Court of Appeals of Minnesota.

Oct. 2, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Stephen C. Rathke, Crow Wing County Atty., Brainerd, for appellant.

C. Paul Jones, State Public Defender, Heidi H. Crissey, Asst. State Public Defender, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

The State appeals from a pretrial order suppressing evidence seized pursuant to a search warrant. We reverse.

## FACTS

Respondent is charged with criminal sexual conduct in the first degree in violation of Minn.Stat. § 609.342(a) (1983). He is accused of putting his fingers into the vagina of a nine year old girl. The child stated that the assault took place sometime after Christmas 1983 when her mother dropped

the child off at respondent's apartment to have him babysit her. She stated that respondent had read a "naked book." Respondent denies the charge.

Pursuant to a warrant executed on April 25, 1984, which set the time of the incident at "one occasion in 1984," police seized six sexually explicit magazines and "assorted nude photos." The trial court dismissed the warrant as being invalid on its face for staleness.

There is no other evidence to corroborate the child's statement.

### ISSUES

1. Is this search warrant to seize magazines depicting nude persons void for staleness when the affidavit sets forth a time frame of three and one-half months?

2. Has the state met its burden of proving that the trial court's suppression order will have a critical impact on the outcome of this trial?

### ANALYSIS

■ The general principles governing evaluation of staleness of information contained in a search warrant application were first set forth in *Sgro v. United States,* 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932). Speaking for the court, Chief Justice Hughes wrote:

[P]roof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case.

*Id.* at 210–11, 53 S.Ct. at 140. In viewing the circumstances of each case magistrates must apply "practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). The court's approach "should be one of flexibility and common sense." *United States v. Beltempo,* 675 F.2d 472, 478 (2nd Cir.1982).

The standard for probable cause stated by the United States Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), is accurately paraphrased in the Minnesota Judge's Criminal Benchbook, 1–4 (1983 Supp.), as follows:

The test of probable cause is met if the affidavit, interpreted in a common sense and realistic manner, sets forth competent evidence sufficient to lead a reasonably prudent person to believe that there is a basis for the search *or that the articles sought are located at the place to be searched.* There must be sufficient underlying facts so that the magistrate may draw his own conclusions of whether probable cause exists.

(emphasis added.) The *Gates* court stressed the common sense, practical question of whether there is *"a fair probability"* to believe contraband or evidence of a crime will be found in a particular place. 462 U.S. at ——, 103 S.Ct. at 2332 (emphasis added); *see Hanson v. State,* 344 N.W.2d 420 (Minn.App.1984).

■ We agree with the State that it is reasonable to assume that sexually-oriented materials are not likely to be once perused and promptly disposed of. They are not illegal, unlike drugs they cannot be smoked or ingested. They are unlikely to contain dated information or current events which become stale over time. Common sense is not offended by concluding that there is a fair probability that the magazines or ones like them would be in respondent's possession for three and one-half months. The warrant is not invalid on its face and suppression of the materials was error.

■ 2. The only evidence in this case is the testimony of a nine year old child. The materials she described may assist the jury in determining credibility. Its suppression has a critical impact on the State's case within the meaning of *State v. Webber,* 262 N.W.2d 157 (Minn.1977).

## DECISION

The order of the trial court suppressing materials seized pursuant to a search warrant executed April 25, 1984 is reversed.