[Crim. No. 17490. Fourth Dist., Div. Three. July 18, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN BROCARD, Defendant and Appellant.

240

---

## COUNSEL

Franz E. Miller for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Frederick J. Millar, Jr., and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**WALLIN, J.**—Appellant Juan Brocard pleaded guilty to possession for sale of cocaine (Health & Saf. Code, § 11351) after his motion to suppress

evidence was denied. Pursuant to Penal Code section 1538.5, subdivision (m), Brocard seeks review of the validity of a search and seizure. He claims the search warrant was void because it could not be reissued after the 10-day period for execution had expired.

On June 30, 1983, Detective Dubois of the Westminster Police Department obtained a search warrant for Brocard's residence. The search warrant was supported by Dubois' affidavit, which in essence stated the following: (1) a reliable informant[1] said he had bought heroin from Brocard on eight occasions in the two months prior to June 6, 1983, and also said Brocard always had heroin available for sale, (2) within twenty days of the affidavit another informant said Brocard was still dealing in heroin, (3) within five days of the affidavit a third informant said he could buy heroin from Brocard, and (4) the third informant made a controlled buy of heroin.

On July 12th Dubois presented an addendum, the original affidavit, and the original search warrant to the same magistrate. The addendum stated Dubois had been unable to serve the search warrant because he had been out of town. In pertinent part the addendum read as follows: "On 7-1-83 I received information (from an informant) that [Brocard] was picking up a kilo of cocaine and about two ounces of [heroin] from his [Brocard's] unknown connection. . . . On 7-11-83, I received information that [Brocard] had sold a half kilo of cocaine to a subject who took it to Nebraska. The Nebraska Police stopped the subject in a black Cadillac and found a loaded .38 pistol in the subject's sock. The police also found a large amount of cocaine in the car. The name of the arrestee's were GONZALIZ, Jamie and RODRIGUEZ, Isora and three children. The car was a black Cadillac, license number 601LFJ. The informant stated that the cocaine was picked up from [Brocard] . . . and driven to Nebraska. GONZALIZ and RODRIGUEZ were stopped in Lincoln, Nebraska on 7-10-83 . . . . I contacted a Lt. Soukup at Lincoln, Nebraska Police Department . . . and confirmed the arrests and possession of the cocaine and gun. . . ."

At the bottom of the addendum was a handwritten note stating: "Subscribed and sworn to before me this 12th day of July, 1983." It was followed by the signature of the magistrate. At the end of the search warrant appeared the handwritten notation "Warrant reissued w/addendum to affidavit 7-12-83," and it was also followed by the signature of the magistrate.

The reissued search warrant was executed the same day. The police found a number of bags containing white powder, a bag containing a brown substance, and several other items. Brocard was arrested. After he pleaded

---

[1] The affidavit stated "Informant #1" had given information on seven prior occasions and the information was always found to be true.

guilty, Brocard was placed on probation for three years, with the condition he serve six months in the county jail.

## I.

Penal Code section 1534 makes a warrant void if not executed within 10 days of issuance. Brocard relies on *Sgro* v. *United States* (1932) 287 U.S. 206 [77 L.Ed. 260, 53 S.Ct. 138, 85 A.L.R. 108] for the proposition an old warrant may not be reissued without going through the procedures required when a new search warrant is issued.

*Sgro* involved a federal statute which also made a warrant void if not executed within 10 days. In that case the original search warrant was merely redated and reissued. The Supreme Court held the warrant could not be sustained and reversed the judgment. The court reasoned as follows: "[¶] The issue of a second warrant is essentially a new proceeding which must have adequate support. The fact that it is a second warrant gives the commissioner no privilege to dispense with the statutory conditions. These cannot be escaped by describing the action as a reissue. If the warrant is the old one, sought to be revived, the proceeding is a nullity, and if it is a new warrant, the commissioner must act accordingly. The statute in terms requires him before issuing the warrant to take proof of probable cause. This he must do by examining on oath the complainant and his witness and requiring their affidavits or depositions. The proof supplied must have appropriate relation to the application for the new warrant and must speak as of the time of the issue of that warrant. *The commissioner has no authority to rely on affidavits which have sole relation to a different time and have not been brought down to date or supplemented so that they can be deemed to disclose grounds existing when the new warrant is issued. The new warrant must rest upon a proper finding and statement by the commissioner that probable cause then exists. That determination, as of that time, cannot be left to mere inference or conjecture.* The purpose of the statute would be thwarted if by the simple expedient of redating, without more, the time for the execution of a warrant could be extended." (Italics added.) (*Id.,* at p. 211 [77 L.Ed. at p. 263].) From the above discussion it is apparent the Supreme Court was concerned with the possibility the 10-day execution requirement could be circumvented by reissuing a warrant without following the statutory procedure for issuing a new warrant. The court found reliance could not be placed upon old affidavits containing stale information, and it refused to infer a new finding of probable cause had been made.

■ However, the *Sgro* decision rested upon an interpretation of a 10-day execution requirement in a *federal* statute. We are not bound by that interpretation. We note the Supreme Court did not hold the reissuance of a

search warrant after the 10-day period constitutes a violation of the Fourth Amendment. Accordingly, we must determine whether the reissued warrant in this case was invalid under Penal Code section 1534.

Brocard has conceded the reissued warrant was supported by probable cause if the original affidavit is taken into consideration. However, he argues we may not consider the original affidavit because Dubois was not resworn as to it. We do not agree. To require an affiant be resworn as to an affidavit he swore to earlier would be to elevate form over substance. We cannot imagine what purpose such a requirement would serve.

Furthermore, we believe in this case it *can* be inferred the issuing magistrate made a new finding of probable cause at the time the warrant was reissued. He not only redated the warrant, but he resigned it as well, and there existed a sufficient basis for such a finding.

The case of *People* v. *Sanchez* (1972) 24 Cal.App.3d 664 [101 Cal.Rptr. 193] lends partial support to our conclusion a search warrant may be reissued as long as there is no staleness problem. The *Sanchez* court held, "[a]lthough there is no statutory authority for the revalidation and reissuance of a search warrant, we see no good reason why, *within 10 days of the original issuance,* an officer should be precluded from presenting supplemental information to the issuing magistrate, nor why the magistrate, based thereon, should not by appropriate endorsement revalidate and reissue the original warrant rather than issue an entirely new warrant. [Citation.]" (Italics added.) (*Id.,* at p. 682.) Admittedly *Sanchez* only upholds reissuance within 10 days of the original issuance. However, even the *Sanchez* rationale could potentially result in execution of a reissued warrant more than 10 days after the original issuance.

Finally, we do not find it absolutely necessary there be new information to support reissuance of a search warrant. In cases like this one, where the original affidavit contained recent information showing ongoing criminal activity, that affidavit alone may be sufficient to support a probable cause finding at the time of reissuance.

For the foregoing reasons, we conclude the reissued search warrant in question was valid. Therefore the judgment is affirmed.

Trotter, P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied August 13, 1985, and appellant's petition for review by the Supreme Court was denied September 25, 1985.