UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4064

JAMES A. MUSE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-90-122-R)

Submitted: September 30, 1998

Decided: October 16, 1998

Before WIDENER and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rickey G. Young, LAW OFFICE OF RICKEY G. YOUNG, Martins-
ville, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Karen B. Peters, Assistant United States Attorney, Tammy
L. Belinsky, Third Year Law Intern, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James A. Muse appeals the district court's order revoking his term of supervised release. He claims that the search warrant supporting a search of his home was constitutionally deficient. Muse also asserts that the district court abused its discretion in finding sufficient evidence to warrant revocation of supervised release. We affirm.

I

Muse was convicted in 1991 of conspiracy to possess with intent to distribute cocaine, distribution of cocaine, and possession of a firearm by a convicted felon. He was sentenced to seventy-two months in prison, to be followed by four years of supervised release. Muse began his term of supervised release in May 1996. Among the terms of his supervised release was that he "not commit another federal, state, or local crime and . . . not illegally possess a controlled substance."

Police in Roanoke, Virginia, learned from a confidential informant in early 1997 that a fencing operation was being conducted at Muse's residence. Subsequently, an anonymous caller informed police that Muse was involved in the distribution of cocaine and marijuana. Two other confidential informants told police that they had seen Muse dealing cocaine at the residence. And, while investigating an appliance theft in late November 1997, police developed Kelly Huffman as a suspect. Huffman informed authorities that the stolen goods (three refrigerators, two ranges, one air conditioner, and one dishwasher) were taken to Muse's home and sold for $1050 on or about December 3.

On December 5, 1997, police executed a search warrant at Muse's home. In addition to a large amount of stolen merchandise, police

2

recovered eighteen grams of crack cocaine and twenty-eight grams of powder cocaine. The drugs were packaged for sale to customers.

A supervised release violation report was issued charging that Muse had violated his release terms by committing a crime and illegally possessing a controlled substance. The district court conducted a hearing on the motion to revoke Muse's supervised release and Muse's motion to suppress evidence seized in the search. At the close of the hearing, the court ruled from the bench that Muse had violated the terms of his supervised release by possessing controlled substances and by knowingly possessing stolen goods. The court revoked Muse's supervised release and imposed a prison term of twenty-four months.

II

Muse asserts that the district court erred in refusing to suppress evidence seized under the allegedly invalid search warrant. He contends that the warrant was invalid because much of the information included in the affidavit supporting the application for the warrant was stale. Thus, Muse argues, there was no probable cause to support issuance of the warrant. We review de novo the sufficiency of a search warrant and its supporting affidavit. See United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996).

Search warrants must be supported by probable cause to satisfy the dictates of the Fourth Amendment. See U.S. Const. amend. IV. To determine if probable cause supports a search warrant based on an informant's tip, we look to the totality of the circumstances, considering especially the informant's reliability and basis of knowledge. See Wilhelm, 80 F.3d at 118-19. Additionally, the affidavit supporting a search warrant must allege criminal activity occurring close enough to the time the warrant is issued to justify a finding of probable cause at that time. See Sgro v. United States, 287 U.S. 206, 210 (1932); United States v. Reyes, 798 F.2d 380, 382 (10th Cir. 1986). If the criminal activities are ongoing and protracted, any passage of time between the informant's tip and execution of the warrant is less significant. See id. We accord great deference to a determination of probable cause by a neutral and detached magistrate judge. See United States v. Jones, 31 F.3d 1304, 1313 (4th Cir. 1994).

3

The information in the affidavit in this case was reliable. First, this is not a case where there was one lone informant. Rather, four informants told authorities about Muse's criminal activities: two stated that Muse had a fencing operation; and the other two informants revealed that they had witnessed Muse dealing cocaine out of his home. Thus, the informants corroborated each other's stories that Muse was engaging in criminal activity at his residence. Second, the affidavit recites that three of the informants previously had provided correct information to the police. This information led to the recovery of stolen property and several felony drug arrests and convictions. The fourth informant, Huffman, gave information against his penal interests. Third, all four informants gave information based on their personal knowledge rather than hearsay. In short, the information in the affidavit was reliable.

The information also was not stale. One informant told authorities about drug dealings in October 1997. Huffman's dealings with Muse occurred between November 20 and December 3, 1997; the search warrant was executed on December 5. Muse's contention that the information in the warrant was stale lacks merit.

Our de novo review discloses that probable cause existed to issue the search warrant. Therefore, the district court properly denied Muse's motion to suppress the evidence seized during the search of his home.

III

Muse also contends that the district court abused its discretion when it revoked his supervised release. The search of Muse's home yielded cocaine that was packaged for sale and great quantities of stolen merchandise, much of which was in his bedroom and the living areas of the house. The preponderance of the evidence demonstrates that Muse knowingly violated the terms of his supervised release. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). There was no abuse of discretion.

IV

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4