OPINION
{¶ 1} Defendant Larry D. Byland appeals a judgment of the Court of Common Pleas of Holmes County, Ohio, convicting and sentencing him for illegal cultivation of marijuana in violation of R.C. 2925.04. Appellant had originally pled not guilty, but changed his plea to no-contest after the court overruled his motion to suppress evidence. Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court erred in denying defendant-appellant's motion to suppress."
 {¶ 3} Appellant's motion to suppress, and his appeal before us, challenges the sufficiency and lack of timely information in the first search warrant issued to search his home. This affidavit sought to use heat-imaging devices at appellant's home to determine whether he was growing marijuana. Two other subsequent search warrants were issued based on the result of the first. Appellant asserts if we find the first search warrant should not have been issued, all evidence thereafter obtained which was collected based on this warrant, should have been suppressed.
 {¶ 4} Appellant correctly argues an affidavit for a search warrant must present timely information, and allege facts so closely related to the time of issuing the warrant as to justify finding probable cause at that particular time, Sgro v. United States (1932), 287 U.S. 206. The affidavit must contain information allowing the magistrate to independently determine probable cause presently exists, not just that it existed at some time in the past, Id.
 {¶ 5} Our standard of reviewing this issue was set forth in Statev. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640. Pursuant to George,
we may not substitute our judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contained sufficient probable cause upon which to issue a search warrant. Rather, our task is to ensure the magistrate had a substantial basis for concluding probable cause existed. We must accord great deference to the magistrate's determination of probable cause, because our scrutiny of the affidavits submitted in support of the search warrant is after the fact. Doubtful cases must be resolved in favor of upholding the warrant, Id.
 {¶ 6} A magistrate must make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of the persons supplying hearsay information, there is a fair probability contraband or evidence of a crime will be found in the specified place, George, citing Illinoisv. Gates (1983), 462 U.S. 213.
 {¶ 7} We have reviewed the affidavit submitted by Detective Roger Sprowl in support of the request to perform thermal imaging on appellant's home. The affidavit alleges there is a continuing investigation of the cultivation of the marijuana on this property and the affiant, a certified thermographer, lists several indicia common to homes in which marijuana is cultivated, and which are present at appellant's home.
 {¶ 8} Affiant also alleges during the past year, he has received approximately six tips from confidential informants indicating appellant's home houses a marijuana growing operation.
 {¶ 9} The owner of the home does not live at the residence, but rather in Coshocton County. The home is divided into apartments. The electric bill for the lower apartment is in another name, in care of the owner. The upstairs of the home is rented to a tenant. The lower level of the home is not occupied by a tenant, and it is this area which exhibits the indicia of a marijuana growing operation. In addition, the affiant examined printouts of usage from the electric utility, indicating the usage is significantly higher in the lower level than compared to the upper apartment, even though the lower apartment is supposed to be unoccupied.
 {¶ 10} We find the magistrate who issued the search warrant had a substantial basis from the affidavit for concluding probable cause existed. Contrary to appellant's assertion, the affidavit repeatedly asserts the circumstances were present at the time the officer submitted the affidavit.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Wise, J. and Boggins, J., concur.