**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4538**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

COREY LAYNE REDD,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.   Samuel G. Wilson, District Judge.  (5:07-cr-00035-sgw-1)

Submitted:  June 1, 2009              Decided:  August 19, 2009

Before TRAXLER, Chief Judge, and MICHAEL and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven P. Hanna, Richmond, Virginia, for Appellant.   Julia C. Dudley, United States Attorney, Jeb T. Terrien, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Layne Redd was indicted on one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2006). Subsequent to the district court's denial of his motion to suppress evidence seized during a search of his home and vehicle, Redd entered a conditional guilty plea, preserving the right to appeal the district court's denial of his motion. The district court sentenced Redd to 120 months' imprisonment. On appeal, Redd challenges the district court's denial of his motion to suppress on two grounds: (1) the statements obtained from the Source of Information ("SOI") are stale; and (2) the statements obtained from the Confidential Informant ("CI") do not support probable cause. Finding no reversible error, we affirm.

In reviewing a district court's ruling on a motion to suppress, this court defers to the district court's factual findings, setting them aside only if clearly erroneous, and reviews its legal conclusions de novo. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006). When the district court has denied a motion to suppress, "the evidence must be construed in the light most favorable to the Government." Id.

"A valid search warrant may issue only upon allegations of 'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.  Whether the proof meets this test must be determined by the circumstances of each case.'"  United States v. McCall, 740 F.2d 1331, 1335-36 (4th Cir. 1984) (quoting Sgro v. United States, 287 U.S. 206, 210-11) (1932)).  However, "the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit."  Id. at 1336 (internal quotation marks, alteration, and citation omitted).  To determine whether the information used to support the warrant is stale, this court must take into account "the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized."  Id.  If the criminal activity alleged is not ongoing in nature or the evidence is not likely to remain at the place it was observed, "indicia external to the evidence itself should demonstrate that probable cause has not lapsed."  Id. at 1337.

Redd argues that the information obtained from the SOI is stale because there is no indication that his "alleged narcotics operations were elaborate and ongoing" or that there was any "ongoing continuous criminal activity" from September,

3

2006 to March, 2007. Redd's argument is without merit. The SOI admitted to purchasing crack cocaine from Redd at Redd's residence between June of 2006 and the SOI's arrest in September of 2006. Importantly, the SOI admitted to purchasing sixty-two grams of crack cocaine from Redd on a weekly basis. Although there is no evidence showing Redd's activity continued between September of 2006 and March of 2007, the CI provided information that Redd was selling crack cocaine at his residence a mere two-and-a-half days before the warrant's execution. The fact that the SOI purchased crack cocaine on a weekly basis and the CI obtained information about Redd's activities less than seventy-two hours before the search warrant was executed lends credence to a determination that Redd's activity was ongoing. However, even if Redd's narcotics distribution was not ongoing as he alleges, the CI's information provides "indicia external" to the SOI's evidence demonstrating that probable cause had not lapsed. Accordingly, we find that the SOI's statements are not stale.

II.

Redd also argues that the CI's statements do not support probable cause. A court must consider the totality of the circumstances in determining whether probable cause exists to support the issuance of a search warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). The magistrate's task is to determine whether, given the totality of the circumstances, "there is a

4

fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. "A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" Id. at 236 (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)). Thus, this court's duty "is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Gates, 462 U.S. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)) (alterations in original).

On Friday, March 9, 2007, the CI met with Special Agent Joseph Fleming and informed him that she took an individual to Redd's residence at 6:45 p.m. on Thursday, March 8, 2007, where that individual purchased crack cocaine. Fleming went to a magistrate and obtained a search warrant in the early morning hours of Saturday, March 10, 2007, just hours after meeting with the CI and less than forty-eight hours after the CI saw the crack cocaine purchased from Redd's residence. We find that the magistrate could fairly conclude contraband or evidence of a crime would be found at Redd's residence less than two days after the CI's observation.

"An important factor in determining whether an informant's report establishes probable cause is the degree to which it is corroborated." United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993). The informant's veracity,

reliability, and basis of knowledge are also relevant, although they are not independent requirements. Id. Here, the CI's veracity, reliability, and basis of knowledge are well-established. Fleming testified that the CI had worked with him and other members of the Virginia State Police on controlled drug purchases for the prior four or five months. He confirmed the CI's reliability and credibility over that time period. The CI was also identified as a past cocaine user, who was "familiar with the odor, texture, appearance, packaging, and effects of Cocaine." Redd argues that the CI should not be relied upon because she did not purchase the crack cocaine or witness the alleged transaction and there is no information about the identity and reliability of the "unwitting informant." However, Fleming made it clear that the CI made statements against her penal interests in this case, and thus had no motivation to lie. Moreover, the CI's report was corroborated by the SOI, who described Redd's residence and its location and detailed his weekly purchases of crack cocaine from Redd at that residence. Based on the foregoing, we find that the magistrate had a substantial basis for concluding probable cause existed.

Viewing the evidence in the light most favorable to the Government, we find that the district court did not err in denying Redd's motion to suppress and we affirm the judgment of the district court. We dispense with oral argument because the

6

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED