[Cite as *State v. Ruffin*, 2012-Ohio-1330.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25916 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAMAR RUFFIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 10 2803 |

DECISION AND JOURNAL ENTRY

Dated: March 28, 2012

BELFANCE, Judge.

{¶1} Defendant-Appellant Damar Ruffin appeals from the denial of his motion to suppress. For the reasons set forth below, we affirm.

I.

{¶2} Following the denial of Mr. Ruffin's motion to suppress evidence seized pursuant to a search warrant, Mr. Ruffin pleaded no contest to one count of possession of cocaine and an accompanying forfeiture specification, one count of trafficking in cocaine, one count of having weapons under disability, and one count of possessing criminal tools. The possession of cocaine count was merged into the trafficking count, and thus, Mr. Ruffin only received a sentence on the trafficking count. Mr. Ruffin was sentenced to a total of four years in prison. Additionally, the trial court ordered the forfeiture of $1,660. Mr. Ruffin has appealed, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT VIOLATED APPELLANT'S FOURTH AMENDMENT RIGHTS BY USING THE KNOWINGLY FALSE STATEMENTS OR STATEMENTS IN RECKLESS DISREGARD OF THE TRUTH TO ERRONEOUSLY ESTABLISH PROBABLE CAUSE FOR THE SEARCH WARRANT DATED OCTOBER 7TH, 2010.

{¶3}    Mr. Ruffin asserts in his first assignment of error that the trial court erred in failing to grant his motion to suppress because the affidavit supporting the warrant was based on false and/or misleading information.

{¶4}    The Supreme Court of Ohio has held that:

In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.

*State v. George,* 45 Ohio St.3d 325 (1989), paragraph two of the syllabus.

{¶5}    We note that Mr. Ruffin does not assert that the warrant *including* the allegedly false and/or misleading information is insufficient to establish probable cause. Accordingly, we are not faced with examining this issue. Instead, Mr. Ruffin asserts that the affidavit contains false and misleading information and that the affidavit is insufficient without the false or misleading information to establish probable cause.

{¶6}    This Court has stated that:

[t]o successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the

affiant made a false statement, either intentionally, or with reckless disregard for the truth. Moreover, even if the affidavit included such false statements, the warrant remains valid unless the affidavit's remaining content is insufficient to establish probable cause[.]

(Internal quotations and citations omitted.) *State v. Willan*, 9th Dist. No. 24894, 2011-Ohio-6603, ¶ 95. "Reckless disregard means that the affiant had serious doubts of an allegation's truth. Omissions count as false statements if designed to mislead, or * * * made in reckless disregard of whether they would mislead, the magistrate." (Internal quotations and citations omitted.) *State v. Waddy*, 63 Ohio St.3d 424, 441 (1992).

{¶7} Mr. Ruffin has failed to establish that the affidavit contains any false statements, and thus there is no evidence that affiant intentionally, or with reckless disregard for the truth, made a false statement. Mr. Ruffin asserts that the following paragraph from the affidavit accompanying the search warrant contains false and/or misleading information:

Affiant is aware that on August 23, 2010[,] the Akron Narcotics Unit utilized a confidential informant to purchase crack cocaine from 1082 South Hawkins during a controlled buy. Affiant is aware that Detective Mike Gilbride searched the confidential informant prior to and immediately following the controlled buy. Affiant is aware that Det. Gilbride observed the confidential informant arrive at 1082 South Hawkins with [sic] along with another individual. Det. Gilbride observed this male enter 1082 South Hawkins and return several minutes later delivering a quantity of crack cocaine to the confidential informant. Affiant is aware that the confidential informant provided Det. Gilbride with the crack cocaine that was purchased from inside 1082 South Hawkins Avenue. Affiant is aware that the crack cocaine field tested positive for the presence of cocaine.

{¶8} Mr. Ruffin asserts the affiant's statement that the police "utilized a confidential informant to purchase crack cocaine from 1082 South Hawkins during a controlled buy[,]" is false or misleading. Mr. Ruffin argues that this is so because the confidential informant did not make the buy nor did the confidential informant enter the house, and thus, police did not "utilize" the informant. However, we cannot say that, merely because the informant did not make the buy or enter the house, the informant was not "utilized" by the police when the informant took the

drugs from another individual and provided them to police. Moreover, we cannot say the statement is misleading when read in context with the entire paragraph.

{¶9} Mr. Ruffin also asserts that the affiant's use of the phrase "this male" is misleading as "this male" could refer to the third person, the informant, or Mr. Ruffin. However, again, when the statement is read in context with the paragraph it is not misleading. The sentence prior to the sentence using "this male" states that "[a]ffiant is aware that Det. Gilbride observed the confidential informant arrive at 1082 South Hawkins with [sic] along with another individual." The next sentence, which includes the allegedly misleading phrase, states that, "Det. Gilbride observed this male enter 1082 South Hawkins and return several minutes later delivering a quantity of crack cocaine to the confidential informant." Reading the two sentences together and considering common rules of grammar, "this male" must refer to the other individual that arrived with the confidential informant. Mr. Ruffin has failed to explain how this phrase is false. Accordingly, as Mr. Ruffin has not demonstrated that when the paragraph is read as whole it contains false and/or misleading statements, Mr. Ruffin has failed to demonstrate error on the part of the trial court given his limited assignment of error. As we cannot say the affidavit contains false statements, there is no need to proceed to determine whether the affidavit is sufficient without them. Further, as Mr. Ruffin has not generally challenged the sufficiency of the affidavit, that issue is not before us. We overrule Mr. Ruffin's first assignment of error.

ASSIGNMENT OF ERROR II

THE TRIAL COURT VIOLATED APPELLANT'S FOURTH AMENDMENT RIGHTS BY USING INFORMATION AS THE BASIS FOR THE SEARCH WARRANT THAT WAS STALE.

{¶10} Mr. Ruffin asserts in his second assignment of error that the search warrant was impermissibly based upon stale information. He essentially argues that the controlled buy at

1082 South Hawkins on August 23, 2010, was too removed from the issuance of the warrant on October 7, 2010, and therefore, that information was stale. In addition, Mr. Ruffin maintains that the transaction that occurred within eight days of the issuance of the search warrant was unconnected to 1082 South Hawkins and thus that information could not justify the issuance of a search warrant.

> While it is true that an affidavit for a search warrant must present timely information, there is no arbitrary time limit for how old the information can be. The problem of stale information normally only arises if a substantial period of time has elapsed between the commission of the crime and the proposed search[.] The alleged facts are timely if they justify the conclusion that the property specified in the warrant is probably on the person or premises to be searched.

(Internal quotations and citations omitted.) *State v. Yeagley*, 9th Dist. No. 96CA0022, 1996 WL 490259, *3 (Aug. 28, 1996). Accordingly, any inquiry into allegedly stale information is determined based upon examination of the circumstances of each case. *Sgro v. United States,* 287 U.S. 206, 210-11 (1932).

{¶11} "In determining whether evidence is stale, the length of time between the events listed in the affidavit and the application of the warrant, while clearly salient, is not controlling." (Internal quotations and citation omitted). *United States v. Harris,* 6 Fed.Appx 304, 307 (6th Cir.2001). "Rather, it depends upon factors such as the inherent nature of the crime, the items to be seized, the nature of the place to be searched, and even the defendant himself." (Internal quotations and citation omitted.) *Id.* Moreover, the Sixth Circuit has held that "recent events can refresh otherwise stale information[.]" *Id.*, citing *United States v. Spikes*, 158 F.3d 913,924 (6th Cir.1998). In the instant matter, the affiant averred that "crack cocaine, guns, U.S. Currency, records, and documents, measuring and processing devices related to drug trafficking, and all electronic devices including computers and cell phones and their content [are] being illegally possessed within 1082 South Hawkins Avenue." Thus, the question is whether those

items were likely to be found at that location at the time the search warrant was issued. *See Yeagley* at *3.

{¶12} This case presents a close call. The controlled buy directly connected to the location is based upon arguably stale information, as it took place several weeks prior to the issuance of the warrant. The second controlled buy occurred within eight days prior to the issuance of the search warrant. With respect to that buy, Mr. Ruffin was observed to have left 1082 South Hawkins and engage in a drug transaction in the area of Grace Avenue and Lawton Street. Neither party contends that the information concerning the controlled buy that took place at this point in time was stale, however, the circumstances outlined in the affidavit as to the second buy are indirectly connected to 1082 South Hawkins, the location to be searched. While it is true that "[i]nformation which demonstrates a chain of related events covering a broad span of time continuing to the current period may furnish a most reliable indicia of present activity, thereby clearly demonstrating that probable cause exists for the order to intrude[,]" it is not clear from the two incidents reported in the affidavit that a long term scheme or endeavor was in place at 1082 South Hawkins. (Internal quotations and citation omitted.) *State v. Henson*, 848 F.2d 1374, 1382 (6th Cir.1988). Thus, it seems questionable whether information only somewhat connected to the location to be searched can refresh arguably stale information, when there is no evidence of an ongoing scheme.

{¶13} We need not answer that question, however, as we conclude that the good faith exception applies to the case rendering exclusion of the seized evidence unwarranted. *See State v. German,* 1st Dist. No. C-040263, 2005-Ohio-527, ¶ 20 ("[W]e need not determine whether the information was so stale as to eliminate probable cause. Even if it had been stale, the good-faith exception applies and is dispositive.").

{¶14} The Supreme Court of Ohio articulated the rationale for the good faith exception in *George*, 45 Ohio St.3d 325, 331 (1989), stating that "[t]he deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. * * * Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force." (Internal quotations and citations omitted.) *George*, 45 Ohio St.3d at 331. Thus, generally, "a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." (Internal quotations and citations omitted.) *Id.* Nonetheless, because the police's reliance on the warrant must be objectively reasonable,

> suppression remains an appropriate remedy where: (1) * * * the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth * * * ; (2) * * * the issuing magistrate wholly abandoned his judicial role * * * ; (3) an officer purports to rely upon * * * a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) * * * depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

(Internal quotations and citations omitted.) *Id.*

{¶15} The trial court in the instant matter concluded that, even if the affidavit was insufficient to establish probable cause, the good faith exception applied to the facts of this case. Mr. Ruffin has not presented any argument asserting the trial court was incorrect in this determination, aside from a brief argument in his third assignment of error related to the allegedly false and/or misleading statements in the affidavit. *See* App.R. 16(A)(7). However, we have concluded above that the affidavit did not contain false or misleading information. Further, particularly given the lack of argument to the contrary, this Court cannot say that any of

the other reasons barring application of the good faith exception apply here. Accordingly, we overrule Mr. Ruffin's second assignment of error.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT VIOLATED THE APPELLANT'S FOURTH AMENDMENT RIGHTS BY DENYING THE APPELLANT'S MOTION TO SUPPRESS AND NOT EXCLUDING ALL EVIDENCE GATHERED AS FRUIT OF THE POISONOUS TREE.

{¶16} As this Court's resolution of Mr. Ruffin's other assignments of error has rendered this argument moot, we decline to address it. *See* App.R. 12(A)(1)(c).

## III.

{¶17} In light of the foregoing, we overrule Mr. Ruffin's assignments of error and affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                       _____

                                       EVE V. BELFANCE
                                       FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

EMILY S. DURWAY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.