Filed 4/26/16  P. v. Glass CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CORNELL GLASS,<br><br>        Defendant and Appellant. | B260413<br><br>(Los Angeles County<br>Super. Ct. No. MA061978) |

APPEAL from an order of the Superior Court of Los Angeles County, Eric P. Harmon, Judge.  Reversed in part and remanded with directions.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.

_____

After the denial of his motion to suppress evidence pursuant to Penal Code section 1538.5,[1] a jury convicted Cornell Glass of possession of cocaine base for sale. On appeal Glass contends he is entitled to the return of two items—a pair of shoes and a backpack—seized when the search warrant was executed at his apartment because they were neither listed in the warrant nor reasonably identifiable as contraband or stolen property. We agree and remand the matter to the trial court to enter a new order returning the property to Glass.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Motion to Suppress*

Glass and his girlfriend Ebonie Fong were charged by amended information with second degree commercial burglary (§ 459), receiving stolen property (§ 496, subd. (a)) and possession of cocaine base for sale in excess of 28.5 grams (Health & Saf. Code, § 11351.5, & Pen. Code, § 1203.073, subd. (b)(1)).[2]

On September 11, 2014 Glass, joined by Fong, moved to suppress several items of evidence recovered during execution of a search warrant at their apartment including a "Gucci pair of shoes (male)" and an "Eastport Backpack." Glass argued the deputies could not have reasonably believed the search warrant was valid because it was facially deficient in failing to state with particularity the items to be seized.

The primary issue addressed at a continued hearing on the motion[3] was the absence of the attachment to the search warrant identifying the items to be searched or seized.[4] Fong testified the search warrant she had received in the mail was missing the

---

[1]    Statutory references are to this code unless otherwise indicated.

[2]    The information mistakenly identified section 1203.073, subdivision (b)(5), as the basis for the possession of cocaine base charge. Subdivision (b)(5), however, specifies methamphetamine. Fong was ultimately found not guilty on all charges.

[3]    The first suppression hearing concerned whether Glass had standing to bring the motion.

[4]    "See Attachment" was typed under the phrase "FOR THE FOLLOWING PROPERTY" at the top of the second page of the warrant.

2

attachment and her subsequent efforts to obtain it were unsuccessful. According to counsel for Glass, she did not receive the attachment until two weeks after the motion to suppress had been filed.

Detective Julia Vezina, a Los Angeles County deputy sheriff in January 2014, testified she had prepared the search warrant and attachment and submitted both documents to the magistrate judge, who found probable cause for issuance of the warrant. Vezina provided the court and counsel with a copy of the search warrant and attachment from her own files at the initial hearing. The attachment listed 31 items, primarily jewelry, stolen during a residential burglary on January 2, 2014. According to the affidavit of probable cause submitted in connection with the search warrant, pawn shop records and surveillance video established Fong, accompanied by Glass, sold a watch stolen during the burglary the day after it had occurred. The affidavit stated, "Based on the fact Ebonie Fong and Cornell Glass sold the victim's stolen watch, your affiant believes she may be in possession of additional property stolen in the burglary and requests permission to search the above location to further her investigation." No shoes or backpack were listed on the attachment.

Counsel for Glass argued that the court, "in an abundance of caution," should suppress all the evidence recovered because the original search warrant did not have an attachment and thus "does not meet the requirement that it has the particularity." After argument from the prosecutor, Glass's counsel further argued, "[W]hat is also concerning, the items in the attachment don't necessarily match what was on the police report of items that were stolen. So that, coupled with the fact that, again, for some reason, the original search warrant doesn't have the attachment, it's our request that the court suppress the evidence . . . ."

The trial court denied the motion to suppress, finding credible Detective Vezina's testimony the attachment was included with the search warrant reviewed by the magistrate judge.

During trial Glass, now representing himself, renewed the motion to suppress. In addition to the arguments presented in support of the initial motion, Glass argued nothing

3

seized pursuant to the warrant—for example, the cocaine, plastic baggies, Glass's phone, the Eastport backpack, the pair of Gucci shoes, four handbags and a 32 inch television — was actually listed on the attachment to the search warrant. The court denied the motion.

The jury found Glass guilty of possession of cocaine base for sale and found true the special allegation the amount was in excess of 28.5 grams, but was unable to reach a verdict on the other counts.[5] The court sentenced Glass to the high term of five years in county jail.

## CONTENTION

On appeal Glass narrows the argument advanced in his renewed motion to suppress and contends only that two items—a pair of shoes and a backpack—were improperly seized because they were not identified in the search warrant attachment and, therefore, should be returned to him. (See § 1538.5, subd. (e) ["[i]f a search or seizure motion is granted at a trial, the property shall be returned upon order of the court unless it is otherwise subject to lawful detention"].)

## DISCUSSION

1. *Glass Has Not Forfeited His Argument the Warrant Failed To Identify the Seized Items*

The Attorney General argues Glass has forfeited his argument he is entitled to the return of the shoes and backpack because his written motion did not raise the argument he presses on appeal—that those items were not identified in the search warrant or reasonably identifiable as contraband or stolen property—and the suppression hearings were almost entirely devoted to whether Glass had standing and the dispute over whether the attachment identifying the items to be seized was included with the search warrant presented to the magistrate.

"[U]nder [Penal Code] section 1538.5, as in the case of any other motion, defendants must specify the precise grounds for suppression of the evidence in question, and, where a warrantless search or seizure is the basis for the motion, this burden

---

[5] The remaining counts were later dismissed upon motion by the prosecution pursuant to section 1385.

includes specifying the inadequacy of any justifications for the search or seizure." (*People v. Williams* (1999) 20 Cal.4th 119, 130; see *id.* at p. 136 ["[d]efendants who do not give the prosecution sufficient notice of these inadequacies [in the justification for a warrantless search] cannot raise the issue on appeal"]; *People v. Derello* (1989) 211 Cal.App.3d 414, 428 [ground for challenge to denial of motion to suppress evidence forfeited on appeal because not raised in the trial court].)

Although defense counsel did not raise the issue in Glass's suppression motion, when he renewed his suppression motion during trial, Glass generally argued the property seized had not been identified in the search warrant. (He did not specifically ask for suppression or return of just the shoes and backpack.) Because the attachment was not provided to defense counsel until after Glass's written motion was filed, Glass's argument during trial was proper and provided sufficient notice to the court and prosecutor to preserve the issue on appeal. (See *Green v. Superior Court* (1985) 40 Cal.3d 126, 139, fn. 11 [defendant may invoke § 1538.5, subd. (h), to renew a motion to suppress "upon a showing of good cause why prior to trial the opportunity to make this motion did not exist or why he was not aware of the grounds for the motion"]; see also *People v. Martinez* (1975) 14 Cal.3d 533, 537.)[6] This was not an instance in which a defendant attempted to "gamble on an acquittal at his trial with the ace in the hole of a reversal of that conviction on appeal" by presenting an argument best addressed by the trial court. (*People v. Derello*, *supra*, 211 Cal.App.3d at p. 428; see *People v. Williams*, *supra*, 20 Cal.4th at p. 131 ["[d]efendants cannot . . . lay a trap for the prosecution by remaining completely silent until the appeal about issues the prosecution may have overlooked"].)

---

6    Although the trial court discussed with Glass the fact he was renewing a previously denied motion, the court appeared to deny the midtrial motion on the merits, not because it was barred by section 1538.5, subdivision (h).

2. *Glass Is Entitled To Return of the Shoes and Backpack*

A defendant may move for the return of property or to suppress as evidence property obtained on grounds including the property was not described in the search warrant. (§ 1538.5, subd. (a)(1)(B)(ii).)[7] Even if not identified in the warrant, however, officers executing the warrant may seize items they discover that are reasonably identifiable as contraband or stolen property: "'When officers, in the course of a bona fide effort to execute a valid search warrant, discover articles which, although not included in the warrant, are reasonably identifiable as contraband, they may seize them whether they are initially in plain sight or come into plain sight subsequently, as the result of the officers' efforts.'" (*People v. Diaz* (1992) 3 Cal.4th 495, 563.) "To justify such a seizure, the officers must lawfully be in the position from which they view the item; the incriminating character of the item as contraband or evidence of a crime must be immediately apparent; and the officers must have a lawful right of access to the object." (*People v. Gallegos* (2002) 96 Cal.App.4th 612, 622.) "The incriminating nature of the item is 'immediately apparent' when the police have probable cause to believe it is contraband or evidence of a crime; officers need not know, to a near certainty, that the item is evidence of a crime." (*Id.* at p. 623.)[8]

The search warrant authorized police to search Glass's apartment for 31 items stolen in the residential burglary. Most of the items were jewelry; a television, laptop and

[7]  Section 1540 authorizes a challenge by the owner of property to the legality of its seizure pursuant to a warrant: "If it appears that the property taken is not the same as that described in the warrant, . . . the magistrate must cause it to be restored to the person from whom it was taken." However, a motion for return of property by a "defendant" must be pursued under section 1538.5, not section 1540. (See *People v. Superior Court (Chico Etc. Health Center)* (1986) 187 Cal.App.3d 648, 652.)

[8]  In reviewing the ruling on a motion to suppress, we defer to the trial court's factual findings, express or implied, when supported by substantial evidence. (*People v. Holloway* (2004) 33 Cal.4th 96, 120; *People v. Ayala* (2000) 23 Cal.4th 225, 255.) The power to judge credibility, weigh evidence and draw factual inferences is vested in the trial court. (*People v. Zamudio* (2008) 43 Cal.4th 327, 342.) However, in determining whether, on the facts found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment. (*Ibid.*)

phone were also listed. The Gucci shoes and the backpack were not itemized on the attachment; and there was simply nothing about them, even if in plain sight, that suggested they had been stolen during the burglary.

Relying in part on *People v. Superior Court* (*Meyers*) (1979) 25 Cal.3d 67 (*Meyers*), the Attorney General explains the shoes were found in a bag and contends that bag and the backpack could have contained the stolen jewelry, thus justifying their seizure. (See *id.* at p. 74 ["warrant . . . clearly authorized the police officer to whom it was directed to make an extensive search of the entire house, looking into any places where he might reasonably expect that such small and easily secreted items as a 'small gold spoon' or a 'jade pin' might be hidden"].) *Meyers*, however, demonstrates the impropriety of the seizure in the instant case. In *Meyers* burglary victims identified more than 60 items stolen from their home but informed police they did not know everything that had been taken. (*Id.* at pp. 70-71.) The victims were told the property they had identified was sufficient to obtain a search warrant and accompanied officers to search the defendant's home so they could identify additional items. After the trial court granted the defendant's motion to suppress evidence seized that was not enumerated in the warrant, the Supreme Court issued a writ of mandate directing the trial court to vacate its order. The Court held, "victims of a burglary may accompany police in the execution of a valid search warrant in order to identify stolen property of theirs which they have reason to believe will be found on the suspect's premises." (*Id.* at p. 70.)

In explaining the plain sight exception to the Fourth Amendment principle that police "may seize only the property described in the warrant," the Court stated, "In recognizing a 'plain sight' exception to the general warrant requirement we did not, however, intend to violate the fundamental proposition that the scope of a search must be circumscribed by the reasons which justified its inception. [Citation.] Thus in *People v. Hill* (1974) 12 Cal.3d 731, overruled on other grounds in *People v. DeVaughn* (1977) 18 Cal.3d 889, 896, we fashioned a 'nexus rule' to prohibit police officers, in the course of a lawful search, from indiscriminately seizing any items whatsoever. 'The police officers who seize an article must be presently aware of some specific and articulable fact

7

from which a rational link between the item seized and criminal behavior can be inferred . . . . [Pure] speculation . . . will not suffice to establish the requisite nexus.'" (*Meyers*, *supra*, 25 Cal.3d at pp. 73-74.) Accordingly, while the warrant "clearly authorized" the police officer to extensively search the house, including "looking into any places where he might reasonably expect" small items to be hidden, it was the victims' contemporaneous identification of items of stolen property that "provided the requisite 'rational link' between the articles confiscated and possible criminal behavior by defendant. . . . [T]he [victims] articulated specific facts from which Officer Riddell reasonably inferred that the articles seized were in fact contraband." (*Id.* at pp. 74-75, fn. omitted.) In the instant case, while police officers were authorized to look inside the shoe bag and backpack, they were not permitted to seize the items or the contents because they were not enumerated in the attachment or even remotely similar to items that were.

The Attorney General's reliance on *People v. Kibblewhite* (1986) 178 Cal.App.3d 783 for the proposition the search of a package need not be contemporaneous with the seizure is similarly inapt. The defendant in that case sought to suppress evidence located in a locked safe removed from his house by police officers executing a search warrant. The defendant had refused to provide the combination. Officers had no choice but to remove it so the fire department could force it open. (*Id.* at p. 785.) Here, however, the shoe bag and Eastport backpack could have easily been searched at Glass's apartment. Seizing the items was both unnecessary and unjustified.

## DISPOSITION

The order denying the motion to suppress is reversed to the extent it failed to direct the return of the Gucci shoes and Eastport backpack to Glass, and the matter is remanded to the trial court to enter such an order.


PERLUSS, P. J.

We concur:


SEGAL, J.


BLUMENFELD, J.*

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.